*Fee pd*

71

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

**JOHN DOE/S**
  **Plaintiff/s**

**No.**

Case: 1:23-cv-11655
Assigned To : Ludington, Thomas L.
Referral Judge: Morris, Patricia T.
Assign. Date : 7/12/2023
Description: CMP DOE V. NESSEL (MC)

v

**Honorable_____**

**Executive & Judicial Branches .**
**Dana Nessel, AG official capacity, Oakland County,**
**Anica Letica,One Court of Justice involved judges,**
**Mike Cox,Kelly Carter, Edward Sosnick,James Alexander**
**Municipalities, Counties and others_____ see attached/**

John Doe/s  %
Tim Brown
4310 Tall Timber trail
Prescott, Michigan [48756]
586.205.0377
speakagainstthecharges@gmail.com
       v
Dana Nessel, official capacity Attorney General
PO Box 30212
Lansing,MI 48909
517.335.7644
Oakland County Courthouse
1200 N. Telegraph Rd
Pontiac, MI 48341-0404
248.858.0581

## COMPLAINT FOR A CIVIL CASE

**Jury Trial : NO**

### THE Judicial & Executive Branch's 25 YEAR CRIME SPREE MUST END

*Heck v Humphrey* 512 U.S. 477 is inapplicable

Filed under 42 U.S.C. § 1983,1981,1985
Article III, US Const authorizes this court's power to adjudicate
**CLASS ACTION IF JUDGE SO DECIDES Rule 23 FRCivP**

-1-

1. By reason of the unlawful policy of editing laws, which was created, adopted, and enforced under the color of state law and authority, Defendants have deprived Plaintiff of the equal protection of the law guaranteed under the Fourteenth Amendment to the United States Constitution as well as the other Amendments listed in the Brief in Support. (What other laws have they severely edited for unjust prosecution profits ?)

2. As a direct and proximate result of Defendants' violation of numerous Amendments, Court Rules and laws Plaintiff has suffered irreparable harm, including the loss of his constitutional rights and public reputation, entitling Plaintiff to damages, declaratory and injunctive relief. See Athenaco v. Cox 335 FSupp 2d 773@780

### PRAYER FOR RELIEF:

Wherefore pro se Petitioner/s asks this Court:

A) to declare that Defendants' policies violate the various Amendments, Court rules, laws listed (and others) as set forth in this Complaint;

B) to permanently enjoin the challenged policy of editing laws and its application to Plaintiff and others similarly situated or declare the policy already unlawful,

C) Order the defendants to address the merits/claims in compliance with Federal Rules of Civil Procedure Rule 8 ;

D) Determine exemplary damages based on the despicable actions of the involved persons in the Judicial and Executive branches ;

E) Order a comprehensive investigation into the corruption that has infiltrated the Judicial and Executive branches and prosecute justly ;

-2-

F)  Prosecute the offenders that violated the Federal Court Order that permanently

enjoined 1999 Public Act 33 and declare (again) all such prosecutions and convictions

unlawful and order the convictions immediately vacated ;

G)  Order plaintiff's information to be immediately removed from the sex offender

registry and record cleared by this Court or State Court and Executive branch ;

J)  Order immediate Injunctive relief  ; ( and declare a Class Action ? )

K)  Monetary awards including the exemplary of at least 600 million USD for the

abundance of various damages suffered and outrageous conduct by Defendants ;

L) to award Plaintiff reasonable attorney fees, costs, and expenses pursuant to 42

U.S.C. § 1988, and other applicable law ;

M) to grant such other and further relief as this Court should find just and proper.

Respectfully submitted,

By: /s/ Timothy R. Brown , in pro se

Dated July 4th, 2023

John Doe/s  %
Tim Brown
4310 Tall Timber trail
Prescott, Michigan [48756]
586.205.0377
speakagainstthecharges@gmail.com

## STATEMENT OF FACTS

Plaintiff, and 100's or 1000's of others over 25 years were arrested in this unauthorized sting scam in various counties : No victim/s, No Commercial activity/gain, No required knowledge of the non-existent victim's status as a child or minor - ALL DELETED from the " Felony " Information/s :

1. Count I charges 22 of 152 words from mcl 750.145c2 . It fails to notice the

required child under age 18 , knowledge of their status , preparation for

commercial activity and commercial gain procured.

2. Count II charges 5 penalty words from mcl 750.145d2f along with 20 words

    from mcl 750.145d1a which has no penalty and is a list of required

underlying crimes to prohibited computer / internet  usage . It lacks the required

underlying crime.

3. Counts III & IV are identical as 6 words of a partial title are noticed

charged from mcl 722.675 and the same 20 words from d1a as count II. Zero wording

from this statute is charged or noticed . No required commercial gain charged or

committed.

mcl  750.145d2c notices 5 penalty words with no underlying crime charged.

 Only  37 of 877 statutory words were charged in 4 counts .  20 of those

words / numbers are the penalties.

4. In Counts III & IV , the full wording would equal 1999 Public Act 33 - a

commercial activity statute -  which the Federal courts permanently enjoined.

d1a lists 1978 Public Act 33, mcl 722.675 - no viable Internet even existed then

See the true laws and jury instructions below

-4-

O = official capacity
I = individual capacity
O + I = Both

**PLAINTIFFS- conspire to refuse to obey the laws, court rules / jury instructions after SEVERELY EDITING existing laws to condemn the guiltless FOR PROFITS.**

*This is a conspiracy of denying entitled relief to cover up their crimes.*

AG Dana Nessel, Governor Gretchen Whitmer, Jennifer Granholm      /O   /O   /O

O+I – Assistant AGs Kelly Carter, P 56129 - Anica Letica P 38255 (MCOA now) – O + I

O + I ⌐ Joel D. McGormley P 60211, Richard Cunningham- head of Criminal Appellate division – I

( very hate filled ), Former AG Mike Cox  P 43039 -  O + I

Oakland County, Lenawee County, Ingham County ,Saginaw County,  all  O

Cities: Pontiac, Novi , Adrian  : **PERSONS in the conspiracy**   – all O     O + I

Oakland County Circuit Court Trial Judges / Staff :Edward Sosnick P 20796 also added

Sex Offender Registration at last second of resentencing in violation of plea,

James M. Alexander next spiteful Trial court judge –  I

  Derek Howard and Audrey Polanco Staff attorneys - **return w/o filing** 7/1/20 –  I, I

Victoria Valentine  **3rd conspiring Trial Court judge**-zero justice possible –  O + I

  Anne Nemer , Staff attorney - **denies filings**   –  I , if at all

  Joseph Sova , Judicial Clerk - **refused to file Motion for Relief**   –  I  if at all


Lenawee County / Circuit Court # 10-3915- AH, Nov 17, 2010 , Judge Timothy P.

Pickard : **DENIED any relief**   –  O + I


MDOC Probation Agent in Oakland County office:- **unlawful documentations**

Heather Wayne-investigating agent, Supervisor Ronald G. Brock   – O + I both, if at all


William P. Hackett P 65962     **Conspiring 'defense' attorneys**-15k wasted –  I

Scott Grabel       P 53310                                           –  I

                                                            (2007)

MCOA # 297479 : **Not worthy of our attention: ' lack of merit'** 6/28/10

Cynthia Diane Stephens , Presiding Judge        ⌐ O + I

Brian K. Zahra & Kirsten Frank Kelly - Judges    ⌐


MSC# 139694 DENIED , Questions presented **not worthy**   O + I

Same batch of judges from below, Nov 23, 2009   ←


MSC #141362 : **not worthy of review** , Sept 9, 2010

Alton Thomas Davis added to list of judges on reconsideration filing :

Marilyn Kelly , Michael F. Cavanaugh , Maura D. Corrigan , Robert P. Young Jr.

Stephen J. Markman , Diane M. Hathaway , ALL are listed on the denial

MCOA # 283433 May 29 2008 - motion to reconsider: DENIED **'lacks merit'**
Presiding Judge , signed: Peter D. O'Connell  and Stephen L Borrello - Judges
Eric Restuccia , Solicitor General , David G. Gorcyca Oakland County Prosecuting
Attorney , Joel D. McGormley P 60211- **all unlawfully opposed appeals**    *O + I*

Saginaw County , Judge Janet M. Boes P 37714 : **Deny / Dismiss**    _ *O + I*
Case # 11-011405-AH , Mar 7, 2011 Habeas Corpus during parole

Saginaw County forcibly ( fraud-based court order) stole palmprints    – *O*

Lloyd W. Rapelje, Warden Saginaw 'Correctional' Facility -**fought habeas corpus**    *O + I*

Thomas Bell, Warden Adrian facility - Parr Hwy Correctional or Adrian Temporary facility    *O + I*
( they kept changing names to do a shell game about prisons closing )-**fought appeals**

**Pardon denied**: MDOC parole board 12/ 2017, **denied filing** Feb 20, 2019
Governor Whitmer  –  *O + I*
*O* — <u>MDOC</u> forcibly via threats/duress/coercion took dna, thumbprints , BLOOD before
release - their policy was to conspire in the multitude of offenses by Defendants
The MDOC also **tampered with mail delivery** to US Marshall Wally Neetz as he never
got the correspondence detailing the offenses by the Defendants. <u>MDOC</u> *Charles*    – *O + I*
                                                                            *Brown, "parole" Bd*

**1st Degree Home Invasion**: Robert Peplinski - head of Computer Task Force
A number of Assistant AGs invaded after serving a **fraud-based Search Warrant** on    *O + I*
my **traumatized minor son**. Ass't AG Ondrejo or some such spelling with his group.
Peplinski also stole dna and thumbprint and was so hyped could not read my rights

Assistant Ag, a rotund African America who put on cuffs too tight and drug me thru
snow in shower sandals to see another defendant ( if alive );    – *I*
Magistrate Judith Holtz , Oakland County court , 2007 - **conspirator to the fraud**  – *O + I*

**Arrest** Scene, Emagine Theater , NOVI : A group of heckling , mocking assistant AGs
led by Peplinski . Maybe 8 or 10 of these offender frauds were present.Many AG    *O + I*
assistants were involved since 2007. Jessica? LePine, ___McClintock, → *I , I*

For the sake of not wasting time many of these may not be served if they can't
be located. If a COMPETENT attorney takes this lawsuit he can determine better.
                                    *as a Class Action*
**The majority of victims during this decades long conspiracy appear to be male
caucasians as per media blitzes  / mugshots online .**

*– 6 –*

MIED ProSe 1 (Rev 5/16) Complaint for a Civil Case

IV.    **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

SEE Brief in Support / complaint

V.    **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.    **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:  July  4th , 20 23 .

Signature of Plaintiff    Timothy Ronald Brown

Printed Name of Plaintiff    Timothy Ronald Brown

6

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

**JOHN DOE/S**                                          **Case no.**_____
   **Plaintiff/s**

         **v**                                          **Honorable**_____

**Dana Nessel, Attorney General in Official Capacity**
**Mike Cox,Kelly Carter,Richard Cunningham**
**Anica Letica, Edward Sosnick, James Alexander**
**Victoria Valentine ,various Staff Attorneys and**
<u>**Others**</u>_____/ see attached

John Doe/s  %
Tim Brown
4310 Tall Timber trail
Prescott, Michigan [48756]
586.205.0377
speakagainstthecharges@gmail.com
      v
Attorney General Office, Dana Nessel
PO Box 30212
Lansing,MI 48909
517.335.7644
Oakland County / Courthouse
1200 N. Telegraph Rd
Pontiac, MI 48341-0404
248.858.0581

### The Judicial & Executive Branches 25 Year Crime Spree Must End

### BRIEF IN SUPPORT OF LAWSUIT FILED PURSUANT TO
### TITLE 42 UNITED STATES CODE ss's 1983,1985,1981
### Authorized by Article III US Constitution and
### 28 U.S. Code § 1331

*Heck v Humphrey is inapplicable*

**index of authorities**

Michigan Compiled Law:
M.C.L. § 691.1407, M.S.A. § 3.996..............................22,33
MCL 750.349...........................................................24
Mcl 750.145c2    ................................................. En passim
Mcl 750.145d2f , d2c   ................................................. 3,
Mcl 750.145d1a ................................................... En passim
Mcl 722.675  ...................................................... En passim
Mcl 752.362 ...................................................... 7
Mcl 600.2907
Mich Law : Sec. 750.157a.....................................46
1978 Public Act 33 ............................................. 2,4,7
1999 Public Act 33 ............................................. 3,4,7
2002 Public Act 45 ............................................. 3
 MCL 767.42(1).........................................................28
MCL 768.35. ...................................................28,29
 MCL 600.2911 ...................................................33


Michigan Jury Instructions:

M Crim Jury Instruction 35.10 ...............................
M Crim Jury Instruction 20.38 ............................... 6
M Crim Jury Instruction 10.8  ............................... 9

Michigan Court Rules

MCR 6.101 .................................................................. 3
MCR 6.302 ...............................................................28,29


Caselaw:
FRITTS v. KRUGH., MichSupCt 1958,  354 Mich. 97..........42
Seales v. City of  Detroit, No. 19-1555 (6th Cir. 2020), Case No. 12-cv-11679,
01-03-2017..............................................................45
Courtright v. City of Battle Creek, #15-1722, 2016 U.S. App. Lexis 18502, 2016
Fed. App. 256P (6th Cir.)..............................................................47
United States v. Cornielle, 171 F.3d 748 (2nd Cir. 1999).......47
Taylor v. Hansen, 731 F.Supp. 72 (N.D.NY 1990)..................47
Venegas v. Wagner, 831 F.2d 1514 (9th Cir. 1987)................47
Etoch v. Newton, Ark.,No.CIV-96-105,PhillipsCountyCirCt.,Ark., 2000...33
Yammine v. De Vita,No.501649,2007N.Y.App.Div Lexis 8862 (A.D.3rd Dept.)...33

i

*Valentin v. County of Los Angeles*, No. C529739 ...............33

Hayes-Albion Corp. v Kuberski, 421 Mich 170, 178; 364 NW2d 609

(1984).Veselenak and Hayes-Albion Corp...............................................36,41

*Friedman v Dozorc*, 412 Mich 1, 30;.........................................4

*People v Anthony*, 327 Mich App 24, 33 (2019).....................26

*Torres v Madrid*, 592 US ___, ___ (2021), .........................26

*Parker v. Grand Hyatt Hotel,* No. CIV.A.98-2453 (RMU).........42

*Payton v NewYork*, 445 US 573, 585 (1980)..........................26

*United States v Jacobsen*, 466 US 109, 113 (1984); ...........26

*United States v Place*, 462 US 696, 707-708 (1983) ...........26

*California v Hodari D*, 499 US 621, 626 (1991). ..................26

*People v Clement, 254 Mich App 387,394 (2002)*.............26,27

*re Contempt of Dorsey,* 306 Mich App 571,581 ( 2014).........26

*United States v Cotton*, 535 U.S. 625,630 (2002); ..............26

*People v Lown*, 488 Mich 242, 268 (2011);............................26

*People v Eaton*, 184 Mich App 649,653 (1990).....................26

*In re Forfeiture of $176,598*, 443 Mich 261, 265 (1993);...27,28

Bruce v Miller 1960 OK 266 ( Okla 12/27/1960 ...................8

*In re Guilty Plea Cases*, 395 Mich 96, 126 (1975)................30

*People v White*, 331 Mich App 144, 152 (2020) ...............30

*People v Haack*, 396 Mich 367, 375 (1976)..........................30

*People v Mitchell*, 431 Mich 744, 749-750 (1988)................30

*Brandon v. Allen*, #C-78-2076, 516 F. Supp. 1355 (W.D. Tenn. 1981)...31

*Brandon v. Holt*, #83-1622, 469 U.S. 464 (1985)..................31

Brandon v. Allen, #78-2076, 645 F. Supp. 1261 (W.D. Tenn. 1986).......31

*Katt v. New York*, #95 Civ. 8283 151 F. Supp. 2d 313 (S.D.N.Y. 2001)..31

Obrycka v. City of Chicago, #07 C 2372,U.S.Dist.Court (N.D. Ill. 2012).31,32

*Gowan v Smith,* 157 Mich 443, 450; 122 NW 286 (1909),.....32

*People v Horton*, 500 Mich 1034 (2017),..............................29

*Hill v Lockhart*, 474 US 52, 56-57 (1985), .........................29

*People v Vonins* , 203 Mich App 173, 175-176 (1993), .......29

*People v Bordash*, 208 Mich App 1 (1994), .....................29

*People v Thousand*,465 Mich. 149, (2001)..........................39

Cole v Arkansas 333 U.S. 196........................................ 3

Fritts v Krugh (MSC) 354 Mich 97 ................................ 43

Heck v Humphrey, 114 US SCT 2364 ( 1994)..................18,44,45.39

*King v. Harwood*, #16-5949, 852 F.3d 568, (6th Cir. 2017).....39

High v. Southwestern Insurance Company, 520 P.2d 662, 1974 OK 35

(Okla. 03/19/1974);.........................................................................12

Cyberspace Communications, Inc v **Engler AND GRANHOLM**, 142 F Supp 2d

827 (ED Mich

,2001)............................................................................................................................
...11

Disner v Westinghouse Electric Corp, 726 F2d 1106 (CA 6, 1984);
……………..…..15

Mina v General Star Indemnity Co, 218 Mich App 678; 555 NW2d 1
(1996).............15

*Mapp v. Ohio* 367 U.S. 643 (
1961)...........................................................................16

Romanski v Detroit Entertainment llc, 265 F. Supp. 2d 835 (E.D.Mich.
2003):............17

Drogosch v Metcalf No. 08-1249 (6th Cir.
2009).........................................................17

Morse v. Fusto, #13-4074, 2015 U.S. App. Lexis 16154 (2nd
Cir.).........................21,40

In re Oliver, 333 U.S. 257, 68 S.Ct. 499, and cases there
cited…………………………9

1931 PA 328 (MCL 750.145a et
seq.)...........................................................................9

De Jonge v. State of Oregon, 299 U.S. 353, 362, 57 S.Ct. 255, 259, 81 L.Ed.
278……9

Hill v. Saginaw, 155 Mich. App. 161, 71, 399 N.W.2d 398
(1986)...............................22

*Haines v Kerner* 404 U.S. 519, 92 S.Ct.
595,.............................................................25

*Johnson v Vanderkooi*, ___ Mich ___, ___
(2022)......................................................25

*UnitedStatesvJones*,565US400,406
(2012)............................................................25

*Katz       v       United       States*,       389       US       347,       360
(1967)............................................................25

*KyllovUnitedStates*,533US27,34-35,40 (2001)............................25

*FloridavJardines*, 569 US 1, 11 (2013)........................................25

*Shabaz*, 424 Mich at 59…………………………………………..28

*United States v Ventresca*, 380 US 102, 106 (1965).
…………………………………...28

Wise v Daniel, 221 Mich 229, 233; 190 NW2d
746(1922).............................................35

*Blackledge v. Allison,* 431 U.S. 63
(1977).....................................................................38

*Harris v. Bornhorst,* No. 06-3729, 2008 U.S. App. Lexis 724 (6th
Cir.)............38

Curry v. Yachera, #15-1692, 835 F.3d 373 (3rd Cir.
2016)...............................38

iii

*Connick v. Thompson,* #09-571, 2011 U.S. Lexis 2594………43

Fenner v. City of New York, #10-0158,.....................................43
*Plinton v. County of Summit,* No. 7-3985, 2008 U.S. App. Lexis 18723 (6th Cir.)..........44
*Plinton v. County of Summit,* No. 7-3985, 2008 U.S. App. Lexis 18723 (6th Cir.)..........44
De Jonge v. State of Oregon, 299 U.S. 353, 362, 57 S.Ct. 255, 259,...............8
McCabe v. Parker, #09-1185, 2010 U.S. App. Lexis 13327 (8th Cir.)...............21
Tikalsky v. City of Chicago, 687 F.2d 175 (7th Cir. 1982)................................21
Donohoe v. Burd, 722 F. Supp. 1507 (S.D. Ohio 1989)………………………….23
Dalley v Dykema Gossett PLLC, 287 Mich App 296, 321 (2010)...................24
Doe v Mills, 212 Mich App 73, 91; 536 NW2d 824 (1995).............................24
Kalina v. Fletcher, 118 S.Ct. 502 (1997).........................................................7
Putt v. Grand Rapids & Indiana R. Co……………………………………………7

Michigan Constitution:

Michigan Constitution Article 1 ss 17 ……………………………………………16,22
Const1963,art1,§11, ……………………………………………………………27

Mich Court Rules:
Mich Court Rule 6.101 …………………………………..…………………………..8
US Const & Laws

Article 1 Section 1 ……………………………………………………………….…
1st Amendment US Constitution…………………………………………………..
5th Amendment US Constitution….……….……… en passim
6th Amendment US Constitution……………………en passim

4th Amendment US Constitution……………………..……………………27,40
18 U.S.C. § 241 ……………………………………………………………………45
18 U.S.C. § 1201……………………………………………………………...………24

JURISDICTION AND VENUE

a. This action arises under the Constitution and laws of the United States.

Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

b. Plaintiff's claims for declaratory and injunctive relief are authorized by 28

U.S.C.

§§ 2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure,

and by the general legal and equitable powers of this Court.

c. Plaintiff's claim for an award of  reasonable costs of litigation, including

attorneys' fees and expenses, is authorized by 42 U.S.C. § 1988 and  applicable

law.

d. Venue is proper under 28 U.S.C. § 1391(b) because the Michigan Department

of

the Attorney General and the Michigan Department of Civil Rights are located in

this judicial district and a substantial part of the events or omissions giving rise to

Plaintiff's claims occurred in this district.

e. Defendant Dana Nessel is the Attorney General of Michigan. As the Attorney

General, she is responsible for policy. As Attorney General, Defendant Nessel is

also responsible for the actions of the Defendants Carter and Cunningham and

others. .Nessel is sued in her official capacity only.  Ex / Governors Whitmer

/Granholm/ Engler/ Snyder are culpable as the intentional violations spanned

decades.                                            -3-

**FIRST CLAIM FOR RELIEF  Plaintiff hereby incorporates by reference all above-stated paragraphs ; ABUSE OF PROCESS**

5. The following elements constitute the intentional tort of abuse of process.

6. The malicious and deliberate misuse of regularly issued civil or criminal court

process that is not justified by the underlying legal action.

7. The abuser of process is interested only in accomplishing some improper

purpose similar to the proper object of the process.

8. **ABUSE OF PROCESS**

To recover upon a theory of abuse of process, a plaintiff must plead and prove (1) an ulterior purpose and (2) an act in the use of process which is improper in the regular prosecution of the proceeding." *Friedman v Dozorc*, 412 Mich 1, 30; 312 NW2d 585 (1981), citing *Spear v Pendill*, 164 Mich 620, 623; 130 NW 343 (1911). To present a meritorious claim of abuse of process, a plaintiff must show that the defendant had used a proper legal procedure for a purpose collateral to the intended use of that procedure. *Bonner v Chicago Title Ins. Co.*, 194 Mich App 462, 472; 487 NW2d 807 (1992). There must be some corroborating act that demonstrates the ulterior purpose, and a bad motive alone will not establish an abuse of process. Id. The gravamen of the misconduct upon which liability is imposed is not the wrongful procurement of legal process or the wrongful initiation of civil proceedings; it is the misuse of process, no matter whether properly obtained, for any purpose other than that which it was designed to accomplish. *Friedman*, 412 Mich at 30 n 18, quoting 3 Restatement Torts, 2d, § 682, comment a, at 474. An action for abuse of process lies for the improper use of process following its issuance, not for maliciously causing it to issue. *Friedman,* 412 Mich at 31.

-4-

## 9. **ULTERIOR PURPOSES / ACTS** :

**10.**Prosecutions with guaranteed convictions for unjust enrichments  -

**11.** Media blitzes covering all forms of dissemination for notoriety and political

gains such as run for governor of Michigan( Mike Cox ) , advancement to The

Court of Appeals ( Anica Letica ) , Granholm, and others

**12.**Salary, new hires, promotions within agency ( AG , Oakland County Court,

MDOC, etc ) and Overtime,, Wardens packing prisons , extortion of taxpayer

funds and defendants costs to defend using absolutely useless defense attorneys

who raked it in at $3750 per Count ( 2007 rate) to pretend to defend
( Grabel law ), plus money to ineffective appellate attorneys.

**13.** Forced fees ex poste facto on the exceptionally damaging to reputations and

employment  sex offender registry - all in direct violation of Michigan laws .

**14**. To justify bloated budgets to these corrupt agencies .

**15.** Purchases. Storage, maintenance  of vehicles, computers  guns , ammo ,
health insurance , logistical Items, dental, retirement fund,investments etc

**16**. Their target appears to be mostly white males as per media articles.

**17.** An outlet for hatred by Kelly Carter and Richard Cunningham, assistant AGs

and perhaps many others promoting this fraud by the court. The bitterness and

rancor is tangible from those two in particular and judge Alexander

**18.** **an act in the use of process which is improper in the regular prosecution**

**of the proceeding :**

**19.**Deliberately with criminal intentions to the **severe editing** , then deliberately failing to state claims upon which relief can be granted while signing fraudulent charging papers and committing perjury as complaining witnesses and officials.

**SECOND CLAIM FOR RELIEF: Fraud / Obstruction of Justice / Code of Silence / Conspiracy / Gross (Intentional) Negligence:**

Plaintiff hereby incorporates by reference all above-stated paragraphs

   **20. Endless Obstruction of Justice by ALL involved:**  they continue to act as though they are guiltless of committing fraud and State and Federal Crimes against hundreds . The judges / clerks / staff attorneys / AG's / Assistant AG's, wardens, governors , police , sheriffs , parole board , Judicial Tenure Commission, Attorney Grievance Committee, all levels of appellate courts and whoever else is in on the massive **cover up** .

 The policy-makers appear to be the whole contingent named above as they are all in on the scam. Mike Cox , Kelly Carter, Sosnick were deep in the con game. At least the Legislature re-arranged the laws in question so as to hamper the tampering / editing of sentence structure in Count I's mcl 750.145c2.

**21.** There was an official county and AG policy of violating the constitutional rights of criminal defendants as evidenced by their **coordinated ongoing actions.** Their actions fell far outside the general scope of duties in connection with judicial proceedings . Probable cause did not remotely exist. It was a wrongful *lawless* prosecution with decades of the cover-up and code of silence.

-6-

**22.**  The substance of the allegations fail to charge any crime/s :

Mich Court Rule 6.101 Complaint
(A) Definition and Form. A complaint is a written accusation that a named or described person has committed a specified criminal offense. The complaint **must include the substance of the accusation** . The prosecutors violate Michigan Court rules wantonly, with criminal disregard to the crimes they commit. Gross negligence is the MO. [ Governors / Police / Sheriff / State Police remain silent.]

 **23.** The Attorney General offered the *Denman/Schindler* definition of gross negligence:**Gross negligence** has been defined as an intentional failure to perform a manifest duty or a thoughtless disregard of the consequences as affecting life or property of another without the exercise of any effort to avoid them. *Putt v. Grand Rapids & Indiana R. Co.*, 171 Mich 215; 137 NW 132 (1912).(140)

Prosecutor may be liable in federal civil rights suit for making false statements, under oath, in connection with application for arrest warrant; in certifying veracity of alleged facts which were basis for warrant, she acted as a "complaining witness" rather than as a lawyer, and prosecutorial absolute immunity did not apply. *Kalina v. Fletcher*, 118 S.Ct. 502 (1997).

**-7-**

The Attorney General went on to cite *Thomas v. Consumers Power*

Co.,(141) which applies the definition of wilful and wanton conduct set

forth in *Gibbard*.

**24. THIRD CLAIM FOR RELIEF : Due Process / Lack of Subject Matter**

**Jurisdiction / Additional Frauds /**

Plaintiff hereby incorporates by reference all above-stated paragraphs.

FROM COLE v ARKANSAS 333 U.S. 196:

**No principle of procedural due process is more clearly established than that notice of the specific charge**, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal. In re Oliver, 333 U.S. 257, 68 S.Ct. 499, and cases there cited.

If, as the State Supreme Court held, petitioners were charged with a violation of § 1, it is doubtful both that the information fairly informed them of that charge and that they sought to defend themselves against such a charge; it is certain that they were not tried for or found guilty of it.

**It is as much a violation of due process to send an accused to prison following conviction of a charge on which he was never tried as it would be to convict him upon a charge that was never made.** *De Jonge v. State of Oregon,* 299 U.S. 353, 362, 57 S.Ct. 255, 259, 81 L.Ed. 278.

**25.** The crimes listed in mcl 750.145d1a are **all** in-person only and the Internet

prohibitions were added for prosecution AFTER an in-person crime was

committed subsequent to the actors' introduction earlier online.

**26.** Jury instructions testify to this fact as do the laws-as written and 2002 Public

Act 45 cements the legal requirement of <u>the</u> child / minor.  :

**-8-**

Crimes; prostitution; age limit restricting prosecution for certain prostitution violations; revise, and eliminate requirement of knowledge of age **of child** for certain other sex-related crimes. Amends secs. 145a, 145b & 448 of 1931 PA 328 (MCL 750.145a et seq.). TIE BAR WITH: HB 4325'01 SB 0180'01 SB 1029'02
Last Action: 03/14/2002 - assigned PA 0045'02

27. Article I , Section I of the United States Constitution only allows the legislative branch to write or alter laws - it is not in the purview of the Executive branch - these actions by the State Attorney General Office were unauthorized and resulted in an **absolute lack of subject matter jurisdiction** being vested in this honorable court .

28. The FRAUD-BASED PLEA was Involuntary - Unintelligent - Unknowing and VOID

The 11 crimes listed in MCL750.145d1a ( 1931 Public Act 328 ) :

 kidnapping ,conspiracy to commit crime ,carry away a child,accost a child, sexually abuse THE child ,criminal sexual conduct in 1st, 2nd,3rd & 4th degree ,assault to commit csc ,in-person sales adult materials,
HOW ARE THESE IN-PERSON CRIMES POSSIBLE TO VIOLATE ONLINE?

29. JURY INSTRUCTIONS  : ( kept hidden by the officers ) see Exhibit B,C

**30.  DAMAGES: FRAUD, FRAUD ON THE COURT, FRAUD BY THE COURT
RESULT : VOID JUDGMENT**

All these types of fraud , along with fraudulent misrepresentation, silent fraud ,
criminal fraud and negligent misrepresentation are all plead with particularity
throughout .

**FOURTH CLAIM FOR RELIEF: UNLAWFUL SEARCHES & SEIZURES ( 4th,
5th, 6th Amendments )
Plaintiff hereby incorporates by reference all above-stated paragraphs.
Plus Article 1  § 17 of Michigan's Constitution**

**31.**  The inherent right against unlawful searches and seizures  is further secured
and protected by the 4th amendment to the US Constitution:
   " The right of the people to be secure in their persons, houses, papers, and
effects, against unreasonable searches and seizures, shall not be violated, and no
Warrants shall issue, but upon probable cause, supported by Oath or affirmation,
and particularly describing the place to be searched, and the persons or things to
be seized."

**32.   Article 1 § 17 Michigan Constitution:  Self-incrimination; due process of
law; fair treatment at investigations**. Sec. 17. No person shall be compelled in any
criminal case to be a witness against himself, nor be deprived of life, liberty or
property, without due process of law.

**33.**  Perhaps a mixture of the 4th and 5th amendments, being pro se as no
attorney will touch this out of fear of the AG forces Plaintiff/s to go it alone .

**34.** Unlawful searches & seizures:

1. Warrantless and unjustified arrest with search of person & vehicle

2. Fraud-based warrant served on minor son and the seizing of computer and damage to furniture and wall and bank accounts.

3. **About 80 unlawful strip searches** in unlawful detainment by the State and Counties involved . The AG / Police / Sheriff / MDOC / Courthouses.

4. Unlawful handcuffing , ankle cuffs, belly chains

   *Mapp v. Ohio* was a 1961 landmark Supreme Court case decided 6–3 by the Warren Court, in which it was held that Fourth Amendment's protection against unreasonable searches and seizures applied to the states and excluded unconstitutionally obtained evidence from use in state criminal prosecutions. The decision in *Miranda v. Arizona* established that the exclusionary rule applies to improperly elicited self-incriminatory statements gathered in violation of the **Fifth Amendment,** and to evidence gained in situations where the government violated the defendant's **Sixth Amendment** right to counsel.

**35.**   Damages re unlawful Strip Searches: *Romanski v Detroit Entertainment llc,*  265 F. Supp. 2d 835 (E.D.Mich. 2003):

$875,000 personal injury          - includes unlawful detention, intentional infliction of emotional distress, defamation **1.51 million in 2023 dollars approximately for part of a day.**

**36.  Drogosch v. Tim Metcalf, No. 08-1249 (6th Cir. 2009):**

13 days unlawful detention approx $19,072 to $1.5 Million / day for 3.5 years plus 1.5 years on state leash and order of 25 years on the Registry adds up. Plaintiff demands these awards ASAP as the damages  are since 2007 and inflation is rising daily plus the BRICs nations, any maybe Saudi Arabia are dumping the Petrodollar for gold-backed currency starting August 2023.

**FIFTH CLAIM FOR RELIEF: ( 1st Amendment )**

**Plaintiff hereby incorporates by reference all above-stated paragraphs.**

**37. DAMAGES: RIGHT TO REDRESS DENIED BY THE "COURTS"**

**38.  court n. 1. a. a place where legal justice is administered.**

By that definition the plaintiff/s has NEVER BEEN TO COURT.

**39.** Congress shall make no law respecting …..and **_to petition the Government for a redress of grievances._**

**40.**   This fundamental right to redress of grievances has been denied by all levels of State / County improperly labeled " courts " and the AG *ab initio* since 2007 by their constant unwarranted unauthorized unlawful illegal denials of motions to vacate their fraud-based judgments

**41.THEY WILL NEVER ORDER THE ENTITLED FULL RELIEF OF JUDGMENT WHICH WOULD EXPOSE THEIR SCAM AND UNJUST ENRICHMENTS**

**42.**   The defendants dishonor their oaths , scoff at and violate mich law, reject mich jury instructions as they continually deny motions they say are improper procedure while incessantly refusing to address the merits.

 **SIXTH CLAIM FOR RELIEF:  6th Amendment violations**

 **Plaintiff hereby incorporates by reference all above-stated paragraphs.**

**DAMAGES :DELIBERATE 6TH AMENDMENT VIOLATIONS:**

**43.** Amendment VI

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an **impartial jury**…and to be **informed of the nature and cause of the accusation;** to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, **and to have the assistance of counsel for his defense.**

**44.**   They bypassed any grand jury. A potential empaneled jury that is not deceived would be improbable. **No published case law appears to be available providing a defense readily found in the full laws and jury instructions.**

**45.**   Informed of nature and cause is a joke since less than 5% of the Michigan Compiled Laws 'charged' were in the so-called Felony Information.

**46.**   Assistance of counsel for defense' ? They conspire with the rest of the officials for super easy money.

**47.**   *Brown v Susan K . Walsh* No.12-10535 in Federal Court

**48.**   wasn't denied but rather delayed  by Thomas Ludington - citing *Heck*. This fed judge did not deny that plaintiff was kidnapped but rather that

damage awards do not apply to being kidnapped ( after rejecting case law

suggesting such ) . That overall case is on some sort of eternal hold via *Heck.*

49.    In Oakland County District court, Judge Bondy , retained lawyer Scott

Grabel immediately waived 'discovery' as he called it . Hackett decided a plea

was to occur despite the law and tampered fake evidence and pressured for such.

**50. : 7th Claim for Relief : INTENTIONAL GROSS NEGLIGENCE**

**Plaintiff hereby incorporates by reference all above-stated paragraphs.**

Only one statute which uses the term **"gross negligence,"** the Government Tort

Liability Act (GTLA), includes its own definition of that term. In response to the

liability insurance crisis of the mid-1980s, the Michigan legislature enacted a

package of tort reforms in 1986, including amendments to the Government Tort

Liability Act (GTLA). The legislature retained most of the earlier statutory

provisions for governmental immunity and liability originally enacted in 1964. In

the context of this report, however, the most significant amendments to the GTLA

are those found at **M.C.L. § 691.1407, M.S.A. § 3.996**. That section for the first

time extended immunity to individual government officers and employees from tort

liability "for injuries to persons or damages to property caused by the officer [or]

employee . . . while in the course of employment . . . while acting on behalf of a

governmental agency" if the officer.. satisfies the following three-prong test:

**(a)** The officer [or] employee . . . is acting or reasonably believes he or she is

acting within the scope of his or her authority.

-14-

**(b)** The governmental **agency** is engaged in the exercise or discharge of a governmental function. [ Agencies, plural: Executive and Judicial .]

**(c)** The officer's [or] employee's conduct does not amount to gross negligence that is the proximate cause of the injury or damage. As used in this subdivision, *"gross negligence" means conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.(*145)

**51.** As the Michigan Supreme Court observed in *Dedes v. Asch*, "gross negligence is not defined in the [GTLA] as it was at common law. Instead, *the Legislature created a specific definition of the term in the statute itself.*"

**52. Gross negligence applies to every action by these officials** at every level of the Executive and Judicial branches in this case as detailed above and below.

**53.** In suits against state-level units of government under 42 U.S.C. §1983 that allege violations of an individual's federally-protected civil rights, in order to overcome the government's qualified immunity it is necessary to show that the violation arose out of the government's "policy, practice, or custom," and that policy, practice, or custom evidences "deliberate indifference, gross negligence, or recklessness," rather than mere negligence, towards the individual's rights. *See, e.g.*, Hill v. Saginaw, 155 Mich. App. 161, 71, 399 N.W.2d 398 (1986). Give *CJI2d 16.18 Gross Negligence* **(1)** Gross negligence means more than carelessness. It means willfully disregarding results to others that might follow **from an act or**

**failure to act**. In order to find that the defendant was grossly negligent, you must find each of the following three things beyond a reasonable doubt:

**(2)** First, that the defendant knew of the danger to another, that is, he knew there was a situation that required him to take ordinary care to avoid injuring another.

**(3)** Second, that the defendant could have avoided injuring another by using ordinary care. Defendants in the Executive & Judicial branches actions were intentional and ongoing as common practice and procedure all these years.

**(4)** Third, that the defendant failed to use ordinary care to prevent injuring another when, to a reasonable person, it must have been apparent that the result was likely to be serious injury. See M.C.L. § 691.1407, M.S.A. § 3.996

**54. 8th Claim for Relief: SUBJECT MATTER JURISDICTION cont'd:**

**Plaintiff hereby incorporates by reference all above-stated paragraphs.**

**55.**     " A trial court **must dismiss** an action when there is  a lack of subject matter jurisdiction, and **a party cannot be estopped from raising the issue**." *Dorsey*, 306 Mich App at 581. " When a court is without jurisdiction of the subject matter, its *acts and proceedings are of no force and validity; they are a mere nullity and void*… thus, an order entered without jurisdiction may be challenged collaterally as well as directly." *Clement*, 254 Mich App at 394.

**56.** " Because subject matter jurisdiction concerns a court's power to hear a case , it is not subject to forfeiture, waiver , or stipulation. See *United States v Cotton*, 535 U.S.

625,630 (2002); *People v Lown*, 488 Mich 242, 268 (2011); *People v Eaton*, 184 Mich App 649,653 (1990). The issue of subject matter jurisdiction " can be raised at any time

by any party or the court," in *re Contempt of Dorsey,* 306 Mich App 571,581 ( 2014), and the court is required to recognize it lacks subject matter jurisdiction, " regardless of whether the parties raised the issue," *People v Clement, 254 Mich App 387,394 (2002)*

**57.** Do the intentional habitually committed crimes by the officials detailed in this document above and below- which manifests their ongoing standard policy and procedure - qualify as judicial, prosecutorial, defense and executive branch authorized functions ? Hopefully this Federal Court will not join them or cover up for them by unconstitutionally citing the inapplicable *Heck v Humphrey* caselaw that applies to wholly different circumstances.

-17-

**58**. The charges are legally insufficient. The laws were edited to deceive 100s if not 1000s into fraud-based plea bargains. Untold damages followed and continue.

**59**. The One Court of " Justice " in Michigan violates and rejects their own court rules and conspire with the in-your-face felonious activity committed by numerous officers of the court and others in offices Statewide. Governors are complicit for decades.

**60**. *Heck v Humphrey* 512 US 477 cannot apply for at least these reasons:

a. No crime was charged { on purpose to trick their victims }

b. No criminal convictions exist - how can a *criminal* conviction exist or a *criminal* sentencing when no crime was charged ?

c. Fraud, fraud on the court and fraud by the court is not protected by *Heck*

d. Nefarious State *and* Federal criminal violations must not be covered up.

e. Innocent victims of the State must finally be served justice.

f. *Heck* is not designed to assist the Executive and Judicial branches in committing and conspiring to commit crimes against 1000's of mostly white males in the State of Michigan by severely editing laws plus unlawful procedures,

g. Gross negligence combined with conspiracy and discrimination must not be protected by *Heck v Humphrey* - that is an abomination if so utilized ,

-18-

h. Defense attorneys must not be allowed to conspire with corrupt prosecutors to pretend to defend the multitude of the prosecution's victims - taxpayers included.

i . Judges , clerks, staff attorneys, wardens , governors , appeals courts that conspire with the felonies of the prosecutors must not be permitted to blindfold, gag and handcuff Lady Justice - this is not protected by *Heck v Humphrey.*

**61.** A host of Constitutional violations are evidenced in the very documents used to charge and condemn the guiltless plaintiff/s :

**9th Claim for Relief : UNLAWFUL DETENTIONS (4th / 5th / 8th amendments)**

**Plaintiff hereby incorporates by reference all above-stated paragraphs.**

**62. Unlawful detentions** : 18 days Jail - Tether on bond for months - Prison 3.5 years - Tether 1.5 years during probation all obtained through fraud , deception , intentional trickery.that violates at least the Fourth Amendment of the US Constitution, Michigan's Constitution Article 1 subsection 17, Due Process Clause, Amendment 5 of US Const , Inherent rights of freedom from slavery , freedom from fraudulent government actions . The limits for freedom of movement ,local and international travel and residency / visiting rules unlawfully imposed by the sex offender registry are very egregious to thousands of actually innocent mostly white males. This conspiracy of oppression is heinous.

**63.** Extremely **malicious** and unauthorized **prosecution** in all 4 counts. They faked probable cause and deceived their victims , the public, the media (supposedly),juries or potential juries, maybe the police initially but their code of

**-19-**

silence after being informed makes them complicit, and God knows who else.

64. " A trial court did not act erroneously in denying qualified immunity as a matter of law to a former audit investigator and former prosecutor on claims that they **denied the plaintiff a fair trial** by **intentionally manipulating data** displayed on spreadsheet summary charts presented to a grand jury **to create a false impression** that he had billed Medicaid for dental services never performed. This led to his indictment and trial, and although he was acquitted, he lost his dental practice as well as suffering other damages. The knowing **creation of false or misleading evidence** by a government employee acting in an investigative capacity has been clearly established as constituting an unconstitutional violation of rights. The jury awarded the plaintiff $6,724,936**(8.56 Million now)** in compensatory damages and $1 million in punitive damages, and the plaintiff accepted a reduction to compensatory damages of $4,624,936 **( 5,949,517 million now)**and punitive damages of $100,000**($127,347)**, rather than undergoing a new trial on damages. *Morse v. Fusto*, #13-4074, 2015 U.S. App. Lexis 16154 (2nd Cir.)."

65. **10th Claim for Relief; <u>Assault</u>** : Handcuffs, belly chains, leg chains, **strip searches** x around 80, pat downs after church and elsewhere

66. "...either accept a 90% reduction to $75,000 or undergo a new trial on damages. The trial court used prior cases, including a **1978 strip search award for $75,000 for comparison, but made no adjustment for inflation. ( $347,203 now)** After a new reduced amount is calculated, making such an adjustment for

-20-

inflation, the plaintiffs may either accept that amount or undergo a third trial on damages. They were entitled to attorneys' fees for a percentage of the time spent on the first trial and for all of the work done on the second trial. *McCabe v. Parker,* #09-1185, 2010 U.S. App. Lexis 13327 (8th Cir.)". "...nor did the court abuse its discretion by finding a $750,000**(1.038 million)** damage award was excessive; however, the **court erred in remitting the damage award to $75,000(103.8k)**; when a court employs a damage comparison approach and thereafter identifies a range of reasonable jury awards in similar cases, the court is not at liberty to remit the award to the low range or even somewhere in the middle; the court's only choice is to remit the award to the maximum amount identified as within the reasonable range..."

Woman unconstitutionally strip-searched awarded $30,000 *Tikalsky v. City of Chicago,* 687 F.2d 175 (7th Cir. 1982).**( about $93,800 now )**

**67. $875,000 including unlawful strip search** :Romanski v. Detroit Entertainment, LLC, 265 F. Supp. 2d 835 (E.D. Mich. **2003**) = **1.51 Million Dollars Today approx.**

**68. Exemplary Damages**

The evidence is the law as written vs the law as deleted/edited and then unlawfully prosecuted with what AG Assistant Kelly Carter declared to be a 100% conviction rate in one response back around 2008. A 100% vacation of 100s or 1000s of fraud-based convictions statewide is decades overdue.

-21-

**69.** " In an action for abuse of process, an injured person could recover only the actual damage s/he suffered as a natural and probable consequence of abuse. Remote, indefinite, or speculative damages are not recoverable.  However special damages like physical or mental injury, expenses, loss of time and injury to business, property, or financial standing are recoverable. In *Heck v. Humphrey*, court held that one could not claim damages for an outstanding *criminal* conviction.  Thus, in an action for abuse of process an injured person is entitled only to reasonable compensation for actual damages. However, *when an abuse of process is accompanied by malice, **exemplary** or punitive damages is awarded.* compensation for injury, [i] *Donohoe v. Burd*, 722 F. Supp. 1507 (S.D. Ohio 1989)

The prosecution was a malice filled one as are all the heartless unauthorized denials of entitled full relief of judgment . There are no rebuttals that address the merits - they all maintain a Code of Silence which is another symptom of the non-stop denial of any valid Redress of Grievances in violation of the inherent right to defend oneself which the 1st Amendment to the US Constitution further secures and protects.

Plaintiff could not locate caselaw for damage awards concerning redress of grievances but it affects the entire judicial process with intense frustration and denies due process, rejects the laws of Michigan , the jury instructions and the Michigan and US Constitution's core principles of jurisprudence.

**70.** Ordering anything against plaintiff/s after an abuse-filled prosecution again abuses process - so all searches / seizures , local and worldwide defamations , media extravaganzas, jail and prison time, tether times, sex offender registry and all costs / fees tethered to this deliberate abuse of process demand significant damage awards in whatever authorized format or title/s .

**71.** The officials running this 25 year scam know it was all fraud, trickery, deception and not possessing any legal merit as they chopped up laws for their unjust enrichments.

Prosecutrix Carter perjured venue to Oakland County , a county that gladly conspires with the AG Office in these unlawful matters .

Further perjuring herself in pre-trial claiming the "copy" of plaintiff's computer was an "image" of his harddrive when in fact the forensic experts said **the data is of unknown origin** - see record. Plus, how come only ONE chopped up ( as per forensics) conversation exists on the "image" and it just happens to be with the AG unauthorized task force? One other conversation was overlooked by the tamperers, well 3 words and one number: " … actually she is 24…." in ROLE PLAY ADULTS ONLY . Inadmissible fake evidence of a fake crime.

Carter conspires with fellow AG's and every official involved in the cover up.

**72. 11th Claim for relief:  INTENTIONAL INFLICTION OF EMOTIONAL**

**DISTRESS / 4th Amendment violations / :Plaintiff hereby incorporates by**

**reference all above-stated paragraphs.**

 "To establish a prima facie claim of intentional infliction of emotional distress, the plaintiff must present evidence of (1) the defendant's extreme and outrageous conduct, (2) the defendant's intent or recklessness, (3) causation, and (4) the severe emotional distress of the plaintiff." *Dalley v Dykema Gossett PLLC*, 287 Mich App 296, 321; 788 NW2d 679 (2010) (internal quotation omitted). "Liability for the intentional infliction of emotional distress has been found only where the conduct complained of has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Doe v Mills*, 212 Mich App 73, 91; 536 NW2d 824 (1995). Accordingly, "[l]iability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." Id

**73.**   Being called a menace to society, chained up , thrown in prison for years

then forced onto the sex offender registry 25 years with no legal authority

demands exceptionally large damage awards. The attorney general task force

made sure to contact all the local papers in 2007 , the radio stations, TV stations

announcements , and the worldwide web . All levels of media were broadcasting

the unauthorized actions          ·        . The stress is tremendous .

**74.** Are kidnapping , assaulting , extorting and defaming      executive and judicial

branch functions leading to IIED ? They violate mcl 750.349(a) and (e) and since

they crossed State lines electronically Title 18 United States Code § 1201 applies

.

**75.** Not one lawyer or law firm will take this filing after a large number were contacted. It appears they do not want to bite the hand that stuffs their bank accounts - the AG and Governors.

**76.** This court must cut the plaintiff some slack in his litigation :

> under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, *Haines v Kerner* 404 U.S. 519, 92 S.Ct. 595, 30 L.Ed.2d 652 (1972)

**77.** Plaintiff had blood, fingerprints,palm prints, photos , dna, years, etc forcibly taken without any legal authority to do so:

**78. Fingerprinting.** "Fingerprinting an individual **without probable cause**, a warrant, or an applicable warrant exception violates an individual's Fourth Amendment rights." *Johnson v Vanderkooi*, ___ Mich ___, ___ (2022). In *Johnson*, the Court held that the "fingerprinting of each of the plaintiffs in these cases **constituted a physical trespass onto a person's body, a constitutionally protected area.**" *Id.* at ___.

**79. Searches and Reasonable Expectation of Privacy**

> Police conduct constitutes a *search* subject to Fourth Amendment restrictions when it (1) "violate[s] a person's 'reasonable expectation of privacy,'" *United States v Jones*, 565 US 400, 406 (2012), quoting *Katz v United States*, 389 US 347, 360 (1967) (Harlan, J., concurring); (2) involves a physical trespass or intrusion in an attempt to find something or obtain information, *Jones*, 565 US at 406-407; or.... *Kyllo v United States*, 533 US 27, 34-35, 40 (2001). See *Jones*, 565 US at 407-408 (noting that Justice ...the principle 'that, when the Government . . . engage[s] **in *physical* intrusion of a constitutionally protected area in order to obtain information, that intrusion may constitute a violation of the Fourth Amendment,'**" irrespective of any inquiry into a person's reasonable expectation of privacy) (citation omitted; emphasis added); *Florida v Jardines*, 569 US 1, 11 (2013) (noting that "[t]he *Katz* reasonable-expectations test 'has been *added to*, not *substituted for*,' the traditional property-based understanding of the Fourth Amendment, and so

**80.** Is unnecessary to consider when **the government gains evidence by physically intruding on constitutionally protected areas")[ online communications that are lawful ]** (quoting *Jones*, 565 US at 409); *Kyllo*, 533 US at 29-30, 34-35, 40

> "[A] seizure may be of a person, a thing, or even a place." *Bailey v United States*, 568 US 186, 189 (2013). "[I]n determining whether a seizure occurred, a court must consider the totality of the circumstances." *People v Anthony*, 327 Mich App 24, 33 (2019). "The 'seizure' of a 'person' plainly refers to an arrest," and "'the arrest of a person is quintessentially a seizure.'" *Torres v Madrid*, 592 US ___, ___ (2021), quoting *Payton v NewYork*, 445 US 573, 585 (1980).

> A seizure of property within the context of the Fourth Amendment "occurs when there is some meaningful interference with an individual's possessory interests in that property." *United States v Jacobsen*, 466 US 109, 113 (1984); see also *United States v Place*, 462 US 696, 707-708 (1983)

A person is seized for purposes of the Fourth Amendment when there is an application of physical touching or force, or a nonphysical show of authority to which the person submits. *California v Hodari D*, 499 US 621, 626 (1991).

**81.  Subject Matter Jurisdiction ( IIED/Code of Silence/Redress & 6th Amendment violations/ continued in appeals )Plaintiff hereby incorporates by reference all above-stated paragraphs.**

Because subject matter jurisdiction concerns the court's power to hear a case, it is not subject to forfeiture, waiver, or stipulation. See *United States v Cotton*, 535 US 625, 630 (2002); *People v Lown*, 488 Mich 242, 268 (2011); *People v Eaton*, 184 Mich App 649, 653 (1990). The issue of subject matter jurisdiction **"can be raised at any time** by any party or the court," *In re Contempt of Dorsey*, 306 Mich App 571, 581 (2014) (citation omitted), *and the court is required to recognize that it lacks subject matter jurisdiction, "regardless of whether the parties raised the issue," People v Clement*, 254 Mich App 387, 394 (2002)

> The Judicial and Executive branches reject this requirement to recognize

> their lack of subject matter jurisdiction.

**82.** How did subject matter jurisdiction exist when only 37 of 877 words were charged and 20 of those words are just the penalties from 4 statutes and 22 words/numbers of 152 in Count I ? **17 words of an inapplicable element - preparation for commercial activity/gain - which did not exist and still requires an actual victim & knowledge of that status.**

**83** "A trial court must dismiss an action when there is a lack of subject-matter jurisdiction, and a party cannot be estopped from raising the issue." *Dorsey*, 306 Mich App at 581 (citation omitted). *"'When a court is without jurisdiction of the subject matter, its acts and proceedings are of no force and validity; they are a mere nullity and are void. . . . Thus, an order entered without jurisdiction may be challenged collaterally as well as directly.'"* *Clement*, 254 Mich App at 394 (citation omitted).

The Fourth Amendment of the United States Constitution, <u>US Const, Am IV</u>, and its state constitution counterpart, <u>Const 1963, art 1, § 11</u>, prohibit "unreasonable searches and seizures absent a warrant based upon probable cause[.]" *People v Kazmierczak*, 461 Mich 411, 417 (2000). <u>US Const, Am IV</u> provides:

> "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

**84.** Similarly, <u>Const 1963, art 1, § 11</u> provides, in part:

> "The person, houses, papers and possessions of every person shall be secure from unreasonable searches and seizures. No warrant to search any place or to seize any person or things shall issue without describing them, nor without probable cause, supported by oath or affirmation."[1]

**85. "Generally, evidence obtained in violation of the Fourth Amendment is inadmissible as substantive evidence in criminal proceedings."** *In re Forfeiture of $176,598*, 443 Mich 261, 265 (1993); see *Mapp v Ohio*, 367 US 643 (1961). The exclusionary rule "is a cornerstone of American jurisprudence that affords individuals the most

-27-

basic protection against arbitrary police conduct." *In re Forfeiture of $176,598*, 443 Mich at 265.

**86.** Arrests, for which the Fourth Amendment requires that the police have probable cause to believe that a person has committed or is committing a crime, *Shabaz*, 424 Mich at 59.

**87.** There is a strong preference that searches and seizures be made pursuant to a search warrant. *United States v Ventresca*, 380 US 102, 106 (1965).

**From Michigan Criminal Proceedings Benchbook Vol. 1**
An information shall not be filed until the defendant has had or has waived a preliminary examination. MCL 767.42(1).

**88. 15th Claim for Relief : FRAUD / Due Process 5th/14th Am violations
Plaintiff hereby incorporates by reference all above-stated paragraphs.**
**89. Guilty Pleas**

A guilty plea is a conclusive conviction equivalent to a jury's guilty verdict. *People v Ginther*, 390 Mich 436, 440 (1973) (citations omitted). A defendant's decision to plead guilty "is the most serious step a defendant can take in a criminal prosecution." *People v Thew*, 201 Mich App 78, 95 (1993). Precisely because a guilty plea is the most serious aspect of a defendant's criminal case, a guilty plea "'not only **must be voluntary but must be [a] knowing, intelligent ac[t] done with sufficient awareness of the relevant circumstances and likely consequences.**'" *Id.*, quoting *Brady v United States*, 397 US 742, 747-748 (1970).

MCR 6.302 describes a detailed process by which a circuit court is to determine whether a plea is understanding, voluntary, and accurate.[1] See MCR 6.302(B)-(D).[2]

**90. *One inapplicable essential element was charged out of 4 counts***

In Michigan, portions of MCR 6.302(A)[1] are "premised on the requirements of constitutional due process[.]" *Cole*, 491 Mich at 332.

**91. Due process was absent ab initio** due to the intentional fraud.

It is the duty of the judge to be satisfied that a plea is made freely, **with full knowledge of the nature of the accusation, and without undue influence**. MCL 768.35. The court may not accept a guilty or nolo contendere (no contest) plea unless it is convinced that the plea is **understanding, voluntary, and accurate**. MCR 6.302(A); MCR 6.610(F)(1). See also *People v Brinkey*, 327 Mich App 94, 100 (2019) ("although strict compliance with MCR 6.302 is not essential, a defendant's plea must always be understanding, knowing, voluntary, and accurate"). In other words, a **defendant must be afforded due process**. See *Cole*, 491 Mich at 332. If the court doubts the veracity of a guilty

or no contest plea, the judge is obligated to vacate the plea, direct entry of a not guilty plea, and order the case to trial. MCL 768.35.

**92.** "A defendant who has entered a plea **does not waive** his [or her] opportunity to attack the voluntary and intelligent character of the plea by arguing that his or her counsel provided assistance during the plea bargaining process." *People v Horton*, 500 Mich 1034 (2017), citing *Hill v Lockhart*, 474 US 52, 56-57 (1985), and overruling *People v Vonins (After Remand)*, 203 Mich App 173, 175-176 (1993), and *People v Bordash*, 208 Mich App 1 (1994), "to the extent that they are inconsistent with *Hill*[.]"

**93.** Before accepting a guilty or nolo contendere plea in a felony case, the court must place the defendant under oath and personally carry out MCR 6.302(B)-(E). MCR 6.302(A). However, due process "might not be entirely satisfied by compliance with subrules (B) through (D)." *Cole*, 491 Mich at 330-332, 337-338 (holding that, "regardless of the explicit wording of" former MCR 6.302(B)-(D), which did not specifically require a trial court to inform a defendant about the possibility of lifetime electronic monitoring, "a court may be required by the Due Process Clause of the Fourteenth Amendment to inform a defendant that mandatory lifetime electronic monitoring is a consequence of his or her guilty or no-contest plea[;]" however, MCR 6.302(B)(2) was subsequently amended to require this advice by the court).

**94.** A trial court's acceptance of a defendant's guilty or no contest plea is implicit proof of the court's determination that the plea was freely, understandingly, and voluntarily made. *In re Guilty Plea Cases*, 395 Mich 96, 126 (1975).

**95.** "[T]he court, by questioning the defendant, **must establish support** for a finding that the defendant is guilty of the offense charged or the offense to which the defendant is pleading." MCR 6.302(D)(1)²; see also MCR 6.610(F)(1)(a). A guilty plea should not be accepted by a trial court until facts sufficient to establish the defendant's guilt have been placed on the record. *People v Haack*, 396 Mich 367, 375 (1976). "Courts in Michigan are **required** to evaluate a defendant's *actual* guilt before accepting a plea, not just the mere expression of willingness by the prosecutor and defendant to strike a bargain." *People v White*, 331 Mich App 144, 152 (2020) (quotation marks and citation omitted).

The adequacy of the factual basis for a guilty plea is reviewed by examining "whether the factfinder could properly convict on the facts elicited from the defendant at the plea proceeding." *People v Brownfield (After Remand)*, 216 Mich App 429, 431 (1996), citing *People v Booth*, 414 Mich 343, 360 (1982).

**\*\*\*96.\*\*\* When a plea is taken and all of the required elements are not satisfied,** the case should be remanded to allow the prosecution to ***establish the missing elements***. *People v Mitchell*, 431 Mich 744, 749-750 (1988). If the prosecution is able to do so and there is no contrary evidence, the defendant's conviction should stand. *Id*. at 750. **However, if the prosecution is unable to establish that the defendant committed the offense, *the trial court must set aside the defendant's conviction*.** *Id*. If contrary evidence is produced, the matter should be treated as a motion to withdraw the guilty plea, and the trial court must exercise its discretion to decide the matter. *Id*. If the motion is g ranted, the trial court must set aside the conviction. *Id*.

**97. 13th Claim for Relief: CODE OF SILENCE**

**Plaintiff hereby incorporates by reference all above-stated paragraphs.**

Plaintiffs in *Brandon v. Allen*, #C-78-2076, 516 F. Supp. 1355 (W.D. Tenn. 1981) argued that they were **attacked** by an off-duty officer **without provocation,** but also that the officer's violent propensities were well known, and that he should have been dismissed. The Director of the department could face liability because of his **failure to take proper action to become informed of the officer's dangerous propensities, in part because his procedures were highly conducive to covering up officer misconduct.** The case was the subject of further proceedings in *Brandon v. Holt*, #83-1622, 469 U.S. 464 (1985), rejecting a claim of qualified immunity for the director and allowing the addition of the city as a party. Subsequently, in *Brandon v. Allen*, #78-2076, 645 F. Supp. 1261 (W.D. Tenn. 1986), the plaintiffs were awarded a total of $51,310.75**(140k now)** in compensatory damages and $50,000**(140k)** in punitive damages, as we well as attorney's fees of $116,278.75**(319k)** and costs of $5,876.23.**($16,182)**

**98.** The dangerous tendencies of the AG office and County courts has been covered up for decades, as well as the various 'law' enforcement divisions statewide.

In *Katt v. New York,* #95 Civ. 8283 151 F. Supp. 2d 313 (S.D.N.Y. 2001), a former civilian employee of a police department was awarded $400,000 in compensatory damages...was based on tacit and explicit cues from others never to report or complain about the official misconduct of police officers. **($681,730.10 now in 2023)**
 a claim that the city had a persistent widespread custom or practice of protecting officers from citizen complaints...A persistent widespread custom or practice had been alleged to constitute a de facto policy of concealing or suppressing investigations into police officer misconduct, along with a code of silence within the police department. The jury also found that the officer conspired with others under color of law in violation of the plaintiff's First Amendment rights to free speech. It awarded $850,000 in damages.*Obrycka v. City of Chicago*, #07 C 2372, U.S. Dist. Court (N.D. Ill. November 13, 2012)...
The city stated that it would pay the plaintiff compensatory damages in the amount of $850,000,**(1.113 Million now)** plus costs and reasonable attorney's fees in an amount yet to be determined. The city also stated that it will forego its right to appeal pursuant to the parties' post judgment

settlement. In an earlier decision, the trial judge found that there was evidence that the defendant officer tried to intimidate and threaten the victim from disclosing the videotape of the incident because he knew, that without the tape, **there would be no case against him**. *Obrycka v. City of Chicago,* #07 C 2372, 2012 U.S. Dist. Lexis 22818 (N.D. Ill.).

**100.** Plaintiff's complaints / motions unheeded for 16 years :

The private citizen, as a part of his moral duty to the public, should undoubtedly convey to the police officers any information he may have in regard to a crime believed to have been committed, and the perpetrator thereof. Such communications are absolutely privileged. [*Gowan v Smith,* 157 Mich 443, 450; 122 NW 286 (1909), citing Shinglemeyer, supra.]

**101.** The police , prosecutors , judges, court clerks, staff attorneys, mayors , township supervisors, attorney general office , etc PAY NO ATTENTION TO THE CRIMES REPORTED FOR 16 YEARS and refuse to investigate.

**102.** Plaintiff has repeatedly sworn under penalty of perjury via affidavits in State/County and Federal courts that he was kidnapped, assaulted, extorted and defamed .

**103.** *They have not rebutted these sworn affidavits. They are complicit as they cover up the crimes of court officers and other co-conspirators in various municipalities.* They are estopped from denying this. .

**104. 14th Claim for Relief: DEFAMATION per se**
**Plaintiff hereby incorporates by reference all above-stated paragraphs.**

In Michigan, a person can only sue for defamation *per se* if an alleged offending party suggests or implies a person is guilty of a sex crime . Then the aggrieved party can sue for damages without having to prove actual damages.

-32-

**105. 600.2911 Action for libel or slander.**

Sec. 2911.

(1) Words imputing a lack of chastity to any female or male are actionable in themselves and subject the person who uttered or published them to a civil action for the slander in the same manner as **the uttering or publishing of words imputing the commission of a criminal offense.**

> **106.** Officer liable for $35,000 **(59.6k now)** for civil rights violation and false imprisonment of attorney arrested for alleged interference with apprehension of two of his clients; lawsuit asserted officer and prosecutor obtained arrest warrant based on false/misleading information; prosecutor also liable for $65,000**(110.8k now)**. *Etoch v. Newton, Ark.*, No. CIV-96-105, Phillips County Cir. Ct., Ark., Sept. 14, 2000, reported in ATLA Law Rptr. (Feb. 2001).

> **107.** Chief of Police was properly held liable for damages of $200,000**(291k now)** to restaurant owners of Lebanese descent for his actions in making numerous statements in public asserting that they were terrorists, gunrunners, and drug dealers, as well as "associated with" Osama Bin Laden. These statements, made in a restaurant setting, caused some restaurant patrons to stop frequenting the plaintiffs' business. The court found that the amount awarded was not excessive on the plaintiffs' defamation claims. *Yammine v. De Vita,* No. 501649, 2007 N.Y. App. Div. Lexis 8862 (A.D. 3rd Dept.).

> **108.** $9.9**($16,872,819 now)** million settlement in lawsuit for false arrest/imprisonment and defamation *Valentin v. County of Los Angeles*, No. C529739 (Los Angeles Super. Ct.), reported in The National Law Journal, p. A13 (May 28, 2001).

**109. <u>ALL TYPES OF IMMUNITY ARE WAIVED:</u>**

GOVERNMENTAL LIABILITY FOR NEGLIGENCE (EXCERPT)
Act 170 of 1964

**110.** 691.1407 Immunity from tort liability; intentional torts; immunity of judge, legislator, official, and guardian ad litem; immunity of governmental

-33-

(2) Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each officer and employee of a governmental agency, each volunteer acting on behalf of a governmental agency, and each member of a board, council, commission, or statutorily created task force of a governmental agency is immune from tort liability for an injury to a person or damage to property caused by the officer, employee, or member while in the course of employment or service or caused by the volunteer while acting on behalf of a governmental agency **if all of the following are met:**

(5) A judge, a legislator, and the elective or highest appointive executive official of all levels of government are immune from tort liability for injuries to persons or damages to property _**if he or she is acting within the scope of his or her judicial, legislative, or executive authority.**_

(b) The governmental agency is engaged in the exercise or discharge of a governmental function.[ are kidnapping, extortion , assault and defamations gov't functions ? ]

 (1) Except as otherwise provided in this act, a governmental agency is immune from tort liability **if** the governmental agency is engaged in the exercise or discharge of a governmental function.

(a) "Gross negligence" means conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.
(d) "Tactical operation" means a coordinated, planned action by a special operations, weapons, or response team of a law enforcement agency that is 1 of the following:

 (ii) The entry into a building, area, watercraft, aircraft, land vehicle, or body of water to seize evidence, or to arrest an individual for a **felony**, under the authority of a warrant issued by a court.

 **111. Argument**: No felonies were charged or committed, all actions were outside

the scope of governmental authority thereby they all waive immunity of any sort.

The warrantless arrest and warrant served on minor son were without probable

cause and a direct result of the heinous abuse of process in tampering laws and disregarding court rules and procedures. This was done as routine habit and practice with no compunction to do anything legally.

## 112. LIMITATIONS IN MICHIGAN LAW FOR DAMAGES:

With regard to the propriety of awarding both actual and exemplary damages to a plaintiff,the court stated as follows:

Amicus curiae Michigan Trial Lawyers Association contends that ordinary damages and exemplary damages are not redundant. It maintains that a distinction may be drawn between "mental distress intrinsic to the injury itself (no matter how it occurred) and mental distress emanating from the manner in which the injury occurred." In addition, it claims that ordinary damages for shame and mortification and exemplary damages for humiliation and indignity are compensating "distinct wrongs."These distinctions are, at least, legally unsound. Semantic niceties aside, juries are not asked to differentiate between mental states, such as shame,mortification, humiliation and indignity. *Juries are asked to compensate for mental distress and anguish which flow naturally from the alleged misconduct* and may be described in such terms as shame, mortification,

**113.** humiliation and indignity. In Addition, if the plaintiff is being compensated for all

 mental distress and anguish,it matters not whether the source of the mental distress and anguish is the injury itself or the way in which the injury occurred. *Veselenak* at 576-577 (emphasis in original)

-35-

**114.** Subsequent to *Veselenak* , the Michigan Supreme Court held that "when compensatory damages can make the injured party whole, the Court has denied exemplary damages."

*Hayes-Albion Corp. v Kuberski*, 421 Mich 170, 178; 364 NW2d 609 (1984).*Veselenak* and *Hayes-Albion Corp*. establish that when the award of actual damages includes compensation for mental distress damages the award of exemplary damages is improper. Defendant is asking thisCourt to dismiss any claim for exemplary damages because Plaintiff's claim for actual damages under his assault and battery claim will make the injured party whole.Exemplary damages are permissible when mental distress damages are not otherwise available.... However, exemplary damages cannot be considered to punish or make an example of a party.

**115.** *Wise v Daniel*, 221 Mich 229, 233; 190 NW2d 746(1922). More importantly, exemplary damages are not available when actual damages can fully compensate Plaintiff for any damages.[ which they can not here — not even close ]

*Hayes-Albion Corp. v Kuberski*, 421 Mich at 178

**116.** In Michigan, exemplary damages are awarded to victims who claim that the defendant has acted with **malice or willful disregard for the victim's rights**.

**117.** Exemplary damages in Michigan are meant to compensate the plaintiff because of the **defendant's despicable conduct**, rather than to deter or punish the defendant.

-36-

**118.** With exemplary damages, the victim can be further compensated based on the nature of the injury he or she suffered. **If your injury was caused by the malicious behavior of the defendant, you can request additional damages in Michigan.**

**119.** The following are some of the reasons for exemplary damages:

a. The harm has impacted the victim's **dignity.** worldwide / media lies / etc

b .The victim feels a **sense of insult.**- put in chains/orange/registry/robbed

c.  The victim has **suffered humiliation.** ( and discrimination )

d.  **The harm was egregious.**  kidnap/assault/extort/defame/years stolen/etc

e.  *__The defendant had a chance to avoid harming the victim and ignored it.__*

**120.  <u>GROSSLY NEGLIGENT INTENTIONAL CO-CONSPIRATORS</u>**

It was and still is the official policy, routine, habit ,custom,pattern,practice of the Attorneys General office,each municipality involved, staff attorneys,'defense' attorneys, court clerks, townships(Saginaw), the Counties and County courts. SOR Unit, (Oakland/Ingham/Lenawee/Jackson/Saginaw in plaintiff's experience filing various motions while in unlawful detention ) every judge in District, County , Appeals, Supreme courts in Michigan - every single one involved is guilty of intentional damages.

**121. MISC:**"A plea may be involuntary either because the accused does not understand the nature of the constitutional protections that he is waiving . . . or because he has such an **incomplete understanding of the charge** that his plea cannot stand as an intelligent admission of guilt." In accepting a guilty plea, the court must inquire whether the defendant is pleading voluntarily, knowingly, and understandingly, *See also Blackledge v. Allison,* 431 U.S. 63 (1977)

**122.** Stolen gun rights, the right to self-defense is gone due to these cons.

**123. 1st, 4th and 5th Amendment violations, defamation, malicious prosecution, 1st Amendment ( right to redress violation mainly )**

"His conviction was subsequently overturned on the basis of a coerced confession in violation of the Fifth Amendment. He subsequently filed a federal civil rights lawsuit against the prosecutor and her employer for alleged violations of the Fourth and Fourteenth Amendments…

**123.** A federal appeals court overturned qualified immunity for the prosecutor, ruling that the prosecutor could not reasonably have believed that there was probable cause for the arrest. The court also ordered further proceedings on claims against the county based on its alleged withholding of exculpatory (Brady) materials, and on the Plaintiff's malicious prosecution, First Amendment retaliation, and defamation claims." *Harris v. Bornhorst,* No. 06-3729, 2008 U.S. App. Lexis 724 (6th Cir.).

-38-

**124.** U.S. Supreme Court Holds that courts should dismiss federal civil rights suits seeking damages when a judgment in favor of the plaintiff necessarily implies the invalidity of the plaintiff's *__criminal__* sentence, but that sentence has not already been overturned. *Heck v. Humphrey,* 114 S.Ct. 2364 (1994).

**125. 15th Claim for Relief: __MALICIOUS PROSECUTION -False Accusations:__ Plaintiff hereby incorporates by reference all above-stated paragraphs.**

…prosecution in motion by applying for warrants and an indictment despite *the lack of probable cause; whether his false statements, together with his material omissions* were material to her prosecution; and whether any *false statements, evidence, and omissions* were laying the groundwork for an indictment," not preparatory activity for a grand-jury hearing that would provide absolute immunity. *King v. Harwood,* #16-5949, 852 F.3d 568, (6th Cir. 2017).

**126. __DUE PROCESS of LAW:__**

The Fifth Amendment of the U.S. Constitution "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, **without due process of law;** nor shall private property be taken for public use, without just compensation."

**127.** *People v Thousand*,465 Mich. 149, 631 N.W.2d 694 (2001)

December 8, 1998, Deputy William Liczbinski made contact with Chris Thousand

The ruling was a distraction from the law, jury instructions and the required

-39-

elements of child sexually abusive activity , a commercial activity, commercial gain statute where an actual child is mandated, and knowledge of the status of THE child.

**128.** It destroyed due process to rake in millions over decades of fraudulent prosecutions .

**129.** The Michigan Legislature re-arranged the wording of that mcl 750.145c2 after plaintiff contacted every legislature available on email so the prosecutors could no longer easily alter it by deleting 95% of the wording in the felony informations .

**130. Malicious Prosecution violating both the 4th and 5th amendments:**

> …The trial court did not err in dismissing these claims, which were barred by his conviction until and unless it was reversed, expunged, or _invalidated_. *[The convictions are self-invalidating]*
> *Curry v. Yachera,* #15-1692, 835 F.3d 373 (3rd Cir. 2016).

**131.** …investigator and former prosecutor on claims that they denied the plaintiff a fair trial by **intentionally manipulating data**  displayed on spreadsheet summary charts presented to a grand jury to **create a false impression** that he had billed Medicaid for dental services never performed….The **knowing creation of false or misleading evidence** by a government employee acting in an investigative capacity has been clearly established as constituting an unconstitutional violation of rights. The jury awarded the plaintiff

**132. $6,724,936[**  in compensatory damages and **$1 million** in punitive damages, …reduction to compensatory damages of $4,624,936[5.9million] and punitive damages of $100,000[128k], …. *Morse v. Fusto,* #13-4074, 2015 U.S. App. Lexis 16154 (2nd Cir.).

-40-

**133.** Exemplary damages due to the despicable behavior of the defendants and not punitive damages is what is being sought.

**134.** With regard to the propriety of awarding both actual and exemplary damages to a plaintiff, the court stated as follows:

> Amicus curiae Michigan Trial Lawyers Association contends that ordinary damages and exemplary damages are not redundant.... Semantic niceties aside, juries are not asked to differentiate between mental states, such as shame, mortification, humiliation and indignity. Juries are asked to compensate for mental distress and anguish which flow naturally from the alleged misconduct and may be described in such terms as shame, mortification, humiliation and indignity. In Addition, if the plaintiff is being compensated for all mental distress and anguish, it matters not whether the source of the mental distress and anguish is the injury itself or the way in which the injury occurred.
> Veselenak at 576-577 (emphasis in original)

**135.** Subsequent to Veselenak , the Michigan Supreme Court held that "when compensatory damages can make the injured party whole, the Court has denied exemplary damages."

Hayes-Albion Corp. v Kuberski, 421 Mich 170, 178; 364 NW2d 609

(1984).Veselenak and Hayes-Albion Corp.

**136.** establish that when the award of actual damages includes compensation for mental distress damages the award of exemplary damages is improper. Defendant is asking thisCourt to dismiss any claim for exemplary damages

because Plaintiff's claim for actual damages under his assault and battery claim

will make the injured party whole.Exemplary damages are permissible when

mental distress damages are not otherwise available....

**137.** .exemplary damages cannot be considered to punish or make an example

of a party *Wise v Daniel*, 221 Mich 229, 233; 190 NW2d 746(1922).

## CASELAW

### 138. VOID JUDGMENTS AND WORTHLESS PROCEEDINGS

A "void judgment" as we all know, grounds no rights, forms no defense to actions
taken there under, and is vulnerable to any manner of collateral attack (thus here,
by ). No statute of limitations or repose runs on its holdings, the matters thought to
be settled thereby are not res judicata, and years later, when the memories may
have grown dim and rights long been regarded as vested, any disgruntled litigant
may reopen the old wound and once more probe its depths. **And it is then as
though trial and adjudication had never been.** 10/13/58 *FRITTS v. KRUGH.*
SUPREME COURT OF MICHIGAN, 92 N.W.2d 604, 354 Mich. 97

### VARIOUS DAMAGES:

**139.** Officers could not be liable for conspiracy to violate arrestee's rights when no

evidence showed that they **"formed an agreement to purposely violate"** his

**rights**. *Parker v. Grand Hyatt Hotel,* No. CIV.A.98-2453 (RMU), 124 F. Supp. 2d

79 (D.D.C. 2000).

**140.** While the failure to train on the obligation to disclose potentially exculpatory

evidence can be the basis for government liability for violation of civil rights, the

plaintiff must show that this reflected a **deliberate indifference** to the rights of the

accused, which normally requires a showing of a **pattern of similar**

**constitutional violations** by untrained employees. *Connick v. Thompson,*
#09-571, 2011 U.S. Lexis 2594.

**142. (The defendants appeared to train on how to violate rights )**

**143.** Because he offered no evidence and pled no facts that would show that
the officers acted pursuant to an **official city policy or custom,** the city was
entitled to summary judgment. The court also mentioned that with a plaintiff
acting as his own attorney, as this one was, it ordinarily *might be inclined to*
*construe* the complaint as also asserting claims against individual police officers.
In this case, however, the plaintiff was not a **"typical pro se litigant,"**.... He was
therefore not given the **"same degree of leniency."** *Fenner v. City of New York,*
#10-0158, 2010 U.S. App. Lexis 19217 (Unpub. 2nd Cir.).

Plaintiff has no access to a Law Library

**144.** A decision by a lower court ruling that the officer involved in the incident did
not act in **bad faith** barred any claim against the officer as an individual. The

father failed to **establish**, according to the appeals court, that there was any **pattern of constitutional violations by the county [ State / counties / courts / AG Office / prosecutors / police / cities / townships, MDOC etc ]**, such as inadequate training. His challenge to the state university's disciplinary policies, seeking injunctive relief, was properly denied, as he failed to show any credible threat that **he would face future injury from the continued application of the policy.** *Plinton v. County of Summit,* No. 7-3985, 2008 U.S. App. Lexis 18723 (6th Cir.).

**145.** '…show that the alleged   . *Plinton v. County of Summit,* No. 7-3985, 2008 U.S. App. Lexis 18723 (6th Cir.).deprivation was caused by the policy.' *Mann v. Helmig,* No. 07-5549, 2008 U.S. App. Lexis 15213 (Unpub. 6th Cir.).

**146.** " In the absence of any showing that a police department had a custom of indifference to or acceptance of the violation of individuals' rights, it could not be held liable for the alleged false arrest … acting under color of state law in transporting the arrestee to the police station,...." *Durante v. Fairlane Town Center,* No. 05-1113, 2006 U.S. App. Lexis 26128 (6th Cir.).

 **147.**   Police officer arrested under a [WARRANTLESS] **warrant** on charges of rape, attempted murder, and second degree kidnapping failed to show that the city had any **official custom or policy which led to his allegedly false arrest**, so there could be no **municipal liability**. Further, the discrepancies in the warrant application that the plaintiff complained of were not **essential to the finding of probable** cause and issuance of the warrant, so the sergeant who obtained the warrant was also entitled to summary judgment. *Daniel v. Compass,* No. 05-31157, 2006 U.S. App. Lexis 30605 (5th Cir.).

**148.** A jury in U.S. District Court has awarded a Harper Woods man **$3.5 million** nearly six years after he was mistakenly arrested by **Detroit police** in connection with a drive-by shooting.

**149.** Seales spent **two weeks** in the Wayne County Jail. The jury awarded Seales

**150.** $750,000 [**$923,535.41 today**] because his **Fourth** Amendment rights were violated;

**151.** $500,000 **[$615,690.27 today]** for the **wrongful imprisonment**; $250,000 for the false arrest;

**152.** $500,000 **[$615,690.27 today]** for **gross negligence**; and

**153.** $1.5 million **[$1,847,070.82 today]** in **punitive** damages. *Seales v. City of Detroit*, No. 19-1555 (6th Cir. 2020), Case No. 12-cv-11679, 01-03-2017

**154.** Plaintiff suffered 18 days jail, 3.5 yrs MDOC, 1.5yrs Tether , 25 years Registry order or life in prison if not compliant to the worthless orders .

**155. $615,690.27 today , $43,977 / day x 1288 = $56,643,480**

Add 15k for useless retained lawyers, plus appointed , victims fees $120 x 2

**156.** 18 U.S.C. § 241 (2018) If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State,... They shall be fined under this title or imprisoned not more than ten years, or both; … or if such acts include kidnapping or an attempt to kidnap,...  they **shall be fined** under this title **or imprisoned** for any term of **years or for life, or both,** or may be sentenced to death.

**For 25 years the Executive & Judicial branches have maliciously and deliberately as standard operating procedure conspired to violate this Federal law as they kidnapped , injured, oppressed, threatened and intimidated thousands .**

**157.** Mich Law : Sec. 750.157a. Any person who conspires together with 1 or more persons to commit an offense prohibited by law, or to commit a legal act in an illegal manner is guilty of the crime of conspiracy punishable as provided herein: (a) Except as provided in paragraphs (b), (c) and (d) if commission of the offense prohibited by law is punishable by imprisonment for 1 year or more, the person convicted under this section shall be punished by a penalty equal to that which could be imposed if he had been convicted of committing the crime he conspired to commit and in the discretion of the court an additional penalty of a fine of $10,000.00 may be imposed.

**158.** David Moran, whose organization - The U of M Innocence Project,  is currently reviewing 50 to 60 cases of possible wrongful convictions, said there are more conviction integrity units investigating possible wrongful convictions as a result of police and prosecutorial misconduct.  "The Detroit Police Department and **the criminal justice  system were out of control for so many years,"** he said.

**159.** Plaintiff has suffered under the " Conviction Integrity Unit" at the AG Office since they cover up their own crimes and deny all entitled relief and justice - they are despicable. They denied his application , as did the Governor/s with pardons who are also culpable.

**160.** It held that if the facts were as the plaintiff alleged, the officers violated his clearly established rights. *Courtright v. City of Battle Creek*, #15-1722, 2016 U.S. App. Lexis 18502, 2016 Fed. App. 256P (6th Cir.).

From the Governor on down to local police this plaintiff has demonstrated that numerous clearly established rights were and are being violated.

**161. Unlawful Sex Offender forced Registration or Life in Prison if not compliant:**

$1,000,000 / month is reasonable and the damages have added up since 2011 to over $144,000,000 and are increasing daily. Plus huge front page headlines in Cass City Chronicle in 2007 about the illegal sting op must be worth $1,000,000 minimum, plus all the local media they contacted with the distressing defamation. Add inflation to this too.

**25 years ordered by judge Ed Sosnick and zero relief from subsequent judges would total 300 months equaling $300,000,000 in damage awards.**

**162. PERJURY and FABRICATED CASE/S .**

Federal appeals court upholds criminal perjury conviction of plaintiff in federal civil rights lawsuit for lying under oath; "swearing to tell the truth is a solemn oath, the breach of which **should have serious consequences**, especially where the perjurer tells his lie in an attempt to obtain money damages." *United States v. Cornielle*, #98-1254, 171 F.3d 748 (2nd Cir. 1999).

Witness immunity does not protect officers on alleged **extra judicial conspiracy to present perjured testimony.** Taylor v. Hansen, 731 F.Supp. 72 (N.D.NY 1990).

Over $2 million **[$5,314,014.08 today]** in damages awarded for officers' procuring of **false testimony** in murder trial Venegas v. Wagner, 831 F.2d 1514 (9th Cir. 1987).

The number of perjuring officials is astounding in this case/s – especially after they have been advised of the fraud for over a decade and they cover it up while inexplicably denying all entitled relief by claiming improper procedure.

163. The very INSTANT this just judge declares the convictions INVALID this case is ripe for adjudication and any statute of limitations begins to toll. The convictions have been invalid *ab initio* . Hundreds if not thousands of actually innocent victims of the Judicial and Executive branches can finally be freed from the oppression.

164. If the dollar is severely weakened by current political maneuvers then payment in gold at the current rate of approx $2,000 / oz of 300,000,000 ounces is equivalent and demanded for damages payment in one immediately delivery , not five payments over an indefinite time period.

Signed ___Timothy Ronald Brown___

Timothy Ronald Brown

Dated: ___July  4th___ , 2023

## EXHIBIT A : ' FELONY ' INFORMATION 2007

Note: mcl 750.145d1a has no penalty as it is a listing of in-person crimes that now carry an added liability if the internet / computer was utilized to introduce the offender/s to the child or the minor.

The deceptive use of the wording by the AG: "... where the victim or intended victim was believed by the defendant to be a minor..." is despicable as it is clear from the full laws and jury instructions that the offender must believe online that the child is a child while preparing for commercial activity and gain then have knowledge that the child or the minor is such after the in-person commercial activity and gain encounter/s . See mcl 750.145d2c / d2f : " If the underlying crime..." wording that is completely missing from the 'felony' information, just the penalty is charged.

### CONCLUSION

The criminals are those PERSONS conspiring and prosecuting the fraud and condemning hundreds or thousands of guiltless mostly white males for decades for unjust enrichments of those PERSONS.



LT1.03/29/07.09:51:06.57137

07-213521-FH

| STATE OF MICHIGAN<br>52-1 JUDICIAL DISTRICT<br>6TH JUDICIAL CIRCUIT | **INFORMATION**<br>**FELONY** | DISTRI<br>CIRCUI<br>CTN: 9.<br>MSP#: | JASSE EDWARD SOBELICK<br>PEOPLE        V BROWN . TIMOT |
|---|---|---|---|
| District Court ORI: MI630175J | Circuit Court ORI: MI630015J | AG ORI: MI820025A | |

THE PEOPLE OF THE STATE OF MICHIGAN RECEIVED FOR FILING
OAKLAND COUNTY CLERK

v

TIMOTHY RONALD BROWN
6279 CHURCH STREET
CASS CITY, MI 48726

'07 MAR 28 P1 :07

Co-defendant(s)

| City/Twp./Village | County in Michigan | Defendant S/D |
|---|---|---|
| Novi City | OAKLAND | |

Charge(s)
Count 1: Child Sexually Abusive Activity
Count 2: Computers-Internet-Communicating With Another to Commit Crime
Counts 3-4: Disseminating Sexually Explicit Matter To A Minor

Victim or complainant
STATE OF MICHIGAN

Complaining Witness
S/A ROBERT PEPLINSKI
Date: On or about
2/26/2007-2/27/2007
Defendant DOB
09/20/1956
Maximum Penalty
20 Years and/or $100,000.00
20 Years and/or $20,000.00;
4 Years and/or $5,000.00;

STATE OF MICHIGAN, COUNTY OF OAKLAND
IN THE NAME OF THE PEOPLE OF THE STATE OF MICHIGAN: Michael A. Cox, Attorney General for the State of
Michigan, appears before the court and informs the court that on the date and at Novi, Michigan, the defendant

COUNT 1: CHILD SEXUALLY ABUSIVE ACTIVITY
On or about February 26 through February 27, 2007 in the City of Novi, County of Oakland and elsewhere, the
Defendant, TIMOTHY RONALD BROWN, did attempt, prepare, or conspire to arrange for, produce, make or
finance any child sexually abusive activity; contrary to MCL 750.145c(2). [750.145C2]
FELONY: 20 Years and/or $100,000.00

COUNT 2: COMPUTERS - INTERNET - COMMUNICATING WITH ANOTHER TO COMMIT CRIME - MAXIMUM
IMPRISONMENT OF 15 YEARS OR MORE OR LIFE
On or about February 26 through February 27, 2007, in the City of Novi, County of Oakland and elsewhere, the
Defendant, TIMOTHY RONALD BROWN did use the Internet to communicate with a 15 year-old undercover
persona for the purpose of committing MCL 750.145c(2) Child Sexually Abusive Activity, where the victim or
intended victim was believed by the defendant to be a minor; contrary to MCL 750.145d(2)(f). [750.145D2F]
FELONY: 20 Years and/or $20,000.00; reimburse government for expenses incurred in relation to violation in
manner indicated by MCL 769.1f (see MCL 750.145d(8))

COUNT 3: COMPUTERS - INTERNET - COMMUNICATING WITH ANOTHER TO COMMIT CRIME - MAXIMUM
IMPRISONMENT OF 2 YEARS OR MORE BUT LESS THAN 4 YEARS
On or about February 26, 2007, in the City of Novi, County of Oakland and elsewhere, the Defendant, TIMOTHY
RONALD BROWN did use the Internet to communicate with a 15 year-old undercover persona for the purpose of
committing MCL 722.675 Disseminating Sexually Explicit Matter to Minors, where the victim or intended victim was
believed by the defendant to be a minor; contrary to MCL 750.145d(2)(c). [750.145D2C]
FELONY: 4 Years and/or $5,000.00; reimburse government for expenses incurred in relation to violation in
manner indicated by MCL 769.1f (see MCL 750.145d(8))

COUNT 4: COMPUTERS - INTERNET - COMMUNICATING WITH ANOTHER TO COMMIT CRIME - MAXIMUM
IMPRISONMENT OF 2 YEARS OR MORE BUT LESS THAN 4 YEARS
On or about February 27, 2007, in the City of Novi, County of Oakland and elsewhere, the Defendant, TIMOTHY

LII.83/29/87.89:51:86.57138

RONALD BROWN did use the Internet to communicate with a 15 year-old undercover persona for the purpose of committing MCL 722.675 Disseminating Sexually Explicit Matter to Minors, where the victim or intended victim was believed by the defendant to be a minor; contrary to MCL 750.145d(2)(c). [750.145D2C]
FELONY:  4 Years and/or $5,000.00; reimburse government for expenses incurred in relation to violation in manner indicated by MCL 769.1f (see MCL 750.145d(8))

Upon conviction of a felony or an attempted felony court shall order law enforcement to collect DNA identification profiling samples.

and against the peace and dignity of the State of Michigan.

2/24/07
Date

Kelly Carter (P56129)
Assistant Attorney General
Criminal Division
Cadillac Place - 10th Floor 3030 W. Grand Boulevard
Detroit, MI  48202
313-456-0160

Appendix A   ps 2

# EXHIBIT B - MCL 750.145C2 Jury Instructions

## M Crim JI 20.38 Child Sexually Abusive Activity - Causing or Allowing

(1) The defendant is charged with the crime of causing or allowing **a child** to engage in sexually abusive activity **in order to create or produce child sexually abusive material.** To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt:

(2) **First,** that the defendant [persuaded / induced / enticed / coerced / caused / knowingly allowed] **a child under 18 years** old to engage in child sexually abusive activity.

(3) Child sexually abusive activity includes:

[*Choose* any *of the following that apply:*][1]

(a) sexual intercourse, which is genital-genital, oral-genital, anal-genital, or oral-anal penetration, whether the intercourse is real or simulated, and whether it is between persons of the same or opposite sex, or between a person and an animal, or with an artificial genital, [and / or]

(b) erotic fondling, which is the touching of a person's clothed or unclothed genitals, pubic area, buttocks, female breasts, or the developing or undeveloped breast area of a child for the purpose of sexual gratification or stimulation of any person involved, but does not include other types of touching, even if affectionate, [and / or]

(c) sadomasochistic abuse, which is restraining or binding a person with rope, chains, or any other kind of binding material; whipping; or torturing for purposes of sexual gratification or stimulation, [and / or]

(d) masturbation, which is stimulation by hand or by an object of a person's clothed or unclothed genitals, pubic area, buttocks, female breasts, or the developing or undeveloped breast area of a child for sexual gratification or stimulation, [and / or]

(e) passive sexual involvement, which is watching, drawing attention to, or exposing someone to persons who are performing real or simulated sexual intercourse, erotic fondling, sadomasochistic abuse, masturbation, sexual

excitement, or erotic nudity for the purpose of sexual gratification or stimulation of any person involved, [and / or]

(f)   sexual excitement, which is the display of someone's genitals in a state of stimulation or arousal, [and / or]

(g) erotic nudity, which is showing the genital, pubic, or rectal area of someone in a way that tends to produce lewd or lustful emotions.

**(4) Second**, that the defendant caused or allowed the person to engage in child **sexually abusive activity for the purpose of producing or making child sexually abusive material.** Child sexually abusive materials are pictures, movies, or illustrations, made or produced by any means,[2] of [a person under 18 years old / the representation of a person under 18 years old] engaged in sexual intercourse, erotic fondling, sadomasochistic abuse, masturbation, passive sexual involvement, sexual excitement, and/or erotic nudity.[2]

**(5) Third,** that the **defendant knew** or reasonably should have known that **the person was less than 18 years old,** or failed to take reasonable precautions to determine whether the person was less than 18 years old.[3]

*Use Note*

[1] The statute prohibits both real and simulated sexual acts. Where the acts are simulated, or simulated acts are included, the instructions should be modified accordingly.

[2] The statute, MCL 750.145c(1)(o), provides a list of forms that child sexually abusive materials can take:

. . . any depiction, whether made or produced by electronic, mechanical, or other means, including a developed or undeveloped photograph, picture, film, slide, video, electronic visual image, computer diskette, computer or computer-generated image, or picture, or sound recording which is of a child or appears to include a child engaging in a listed sexual act; a book, magazine, computer, computer storage device, or other visual or print or printable medium containing such a photograph, picture, film, slide, video, electronic visual image, computer, or computer-generated image, or picture, or sound recording; or any reproduction, copy, or print of such a photograph, picture, film, slide, video, electronic visual image, book, magazine, computer, or computer-generated image, or picture, other visual or print or printable medium, or sound recording.

The Committee believes that the phrase, "pictures, movies, or illustrations, made or produced by any means," will generally suffice to describe such materials. However, the court may prefer to select a more specific term or phrase from the statutory list.

[3] The statute lists several alternatives for this element of the offense in MCL 750.145c(2), (3), and (4):

. . . if that person **knows,** has reason to know, or should reasonably be expected to know that **the child is a child** or that the child sexually abusive material includes a child or that the depiction constituting the child sexually abusive material appears to include a child, or that person has not taken reasonable precautions to determine the age of **the child.**

Generally, the language of the instruction will suffice. However, in appropriate cases, the court may select some or all of the other statutory language for this element.

*History*

M Crim JI 20.38 was adopted in June 2016.

*Reference Guide*

*Statutes*

MCL 750.145c.

[– FOR THE COMPUTER STATUTES TO BE VALID THE ALLEGED OFFENDER MUST KNOW OR BELIEVE WHILE ONLINE THAT " THE CHILD IS A CHILD. " as they meet in person after computer introductions

========================================================

Now , using a computer to violate the above with THE CHILD or THE MINOR

**MCL750.145d2(c) If the underlying <u>crime</u> is a misdemeanor or a felony with**

**a maximum term of imprisonment of 2 years or more but less than 4 years,**

**the person is guilty of a felony punishable by imprisonment for not more**

**than 4 years or a fine of not more than $5,000.00, or both.**

[ WHAT UNDERLYING CRIME/S ? ]

**EXHIBIT C : MCL 750.145d2c and d2f  Jury Instructions**

## M Crim JI 35.10 Use of a Computer to Commit Specified Crimes

(1)   The defendant is charged with using a computer to [commit / attempt to commit / conspire to commit / solicit another to commit] the offense of [*state underlying offense*][1] **[against a minor].**[2] To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt:

(2)   First, that the defendant used [the Internet / a computer / a computer program / a computer network / a computer system][3] to communicate with any person.

(3)   Second, that the communication was done for the purpose of [committing / attempting to commit / conspiring to commit / soliciting another to commit] the offense of [*state underlying offense*].

[*Use the following paragraph only if the underlying offense appears in Part A of the underlying offense list in Use Note 1.*]

(4)   Third, that the [*state name of victim or intended victim of the underlying offense, if available*] **was a minor or the defendant believed [he / she] was a minor.**

(5)   The elements of [*state underlying offense*] are [*state elements of underlying offense*]. It does not matter whether the defendant or anyone else has been convicted of [*state underlying offense*].

*Use Note*

[1] The statute lists the following underlying offenses:

*Part A*

MCL 750.145-accosting a child for immoral purposes
**MCL 750.145c-child sexually abusive activity**
MCL 750.349-kidnapping
MCL 750.350-enticing away child under 14
MCL 750.520b-criminal sexual conduct in the first degree
MCL 750.520c-criminal sexual conduct in the second degree
MCL 750.520d-criminal sexual conduct in the third degree
MCL 750.520e-criminal sexual conduct in the fourth degree
MCL 750.520g-assault with intent to commit criminal sexual conduct
**MCL 722.675(5)-disseminating sexually explicit material to a minor**
MCL 750.327a-sale of explosives to minors
MCL 750.157c-inducing minor to commit felony

*Part B*

    MCL 750.411h-stalking
    MCL 750.411i-aggravated stalking
    MCL 750.327-causing death with explosives in vehicle
    MCL 750.328-causing death with explosives placed to destroy building
    MCL 750.411a(2)-false report of explosives crime or threatening to commit such a crime

[2] Underlying offenses in Part B of *Use Note* 1 need not involve a minor. **Use the bracketed phrase** only where the underlying offense is **found in Part A of** *Use Note* **1.**

[3] "Computer" and the related terms "computer network," "computer program," and "computer system" are defined in subsection (9) of the statute. MCL 750.145d(9).

*History*

    M Crim JI 20.37 (formerly CJI2d 20.37) was adopted by the committee in October, 2004, to set forth the elements of MCL 750.145d as last amended by 2000 PA 185, effective September 18, 2000.

[ Combining MCL 722.675 with MCL 750.145d2c becomes 1999 Public Act 33 which

Governor Engler and Governor Granholm were specifically sued in Court over and lost.

It's all about commercial gain through in person sales of adult content materials with a

minor. It cannot be violated online . 1978 PA 78 had no Internet in existence and was

always an in-person only crime ]

**Constitutionality: Act 33 of 1999 violates the First Amendment and the Dormant Commerce Clause of the US Constitution. Defendants are permanently restrained and enjoined from enforcing any provisions of 1999 PA 33. Cyberspace Communications, Inc v Engler, 142 F Supp 2d 827 (ED Mich, 2001)**

=================================================================

**MCL750.145d2(f) If the underlying <u>crime</u> is a felony punishable by a maximum term of imprisonment of 15 years or more or for life, the person is guilty of a felony punishable by imprisonment for not more than 20 years or a fine of not more than $20,000.00, or both.** [ what underlying crime?]

# EXHIBIT D : MCL 722.675

**722.675 Disseminating sexually explicit matter to minor; felony; penalty.**

Sec. 5.

(1) A person is guilty of disseminating sexually explicit matter to a minor if that person does either of the following:

(a) Knowingly disseminates to a minor sexually explicit visual or verbal material that is harmful to minors.

(b) Knowingly exhibits to a minor a sexually explicit performance that is harmful to minors.

(2) A person knowingly disseminates sexually explicit matter to a minor if the person knows both the nature of the matter and the status of the minor to whom the matter is disseminated.

(3) A person knows the nature of matter if the person either is aware of its character and content or recklessly disregards circumstances suggesting its character and content.

(4) A person knows the status of a minor if the person either is aware that the person to whom the dissemination is made is under 18 years of age or recklessly disregards a substantial risk that the person to whom the dissemination is made is under 18 years of age.

(5) Disseminating sexually explicit matter to a minor is a felony punishable by imprisonment for not more than 2 years or a fine of not more than $10,000.00, or both. In imposing the fine, the court shall consider the scope of the defendant's commercial activity in disseminating sexually explicit matter to minors.

**History:** 1978, Act 33, Eff. June 1, 1978 ;— Am. 1999, Act 33, Eff. Aug. 1, 1999 ;— Am. 2003, Act 192, Eff. Jan. 1, 2004
**Constitutionality:** Act 33 of 1999 violates the First Amendment and the Dormant Commerce Clause of the US Constitution. **Defendants are permanently restrained and enjoined from enforcing any provisions of 1999 PA 33**. Cyberspace Communications, Inc v Engler, 142 F Supp 2d 827 (ED Mich, 2001).

## A 25 YEAR CRIME SPREE BY THE JUDICIAL AND EXECUTIVE BRANCHES IS PRECISELY WHAT TOOK PLACE AGAINST THOUSANDS

July 4th , 2023

John Does %
Tim Brown
4310 Tall Timber trail
Prescott, Michigan
Speakagainstthecharges @gmail.com
586.205.0377

Dear Clerk,

Please find enclosed the Complaint along with $402 money order.

The Waiver of Service for the Summons with your stamp on it is next to be mailed

to as many of the Defendants as I can find addresses for.

This qualifies as a Class Action . *Heck v Humphrey* does not apply as

demonstrated in the Brief in Support.  I have been unable to locate an attorney

who will return my inquiry in the positive. I have contacted a large number. Court

appointed attorney James Daniel Shanahan of Troy , Michigan has a phone

number still online but is not answering. Mr. Shanahan may be retired but he was

the only attorney who argued that the prosecution created crimes by editing laws

but since the Defendants only block redress of grievances no justice was

available.

As a Class Action a competent attorney would be assigned which would be

just.  $402 is 5% of my Federal Reserve notes but a family member will help with

 attorney costs.  My Relief request includes reimbursement for attorney

costs and fees.

Thank you , ____Tim Brown_____

JS 44 (Rev. 10/20)

## CIVIL COVER SHEET

County in which action arose: Tuscola / Oakland

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| TIMOTHY R. BROWN   John Doe/s 40 | Kelly Carter, Mike Cox, Eu Sosnick, R. Cunningham, A. Letica, D. Nessel, Task Force , Oakland County, J. Alexander, , see attached for many more   Dana Nessel- official capac   Gov Whitmer -official capacity |

**(b)** County of Residence of First Listed Plaintiff   OGEMAW
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Ingham
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*    Pro Se

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other<br><br>**LABOR**<br>[ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016<br><br>**SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g)) | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange<br>[ ] 890 Other Statutory Actions<br>[ ] 891 Agricultural Acts<br>[ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act<br>[ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | |
| [ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | [ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 |

440

### V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
1983 1985 1981 United States Code subsection 42

Brief description of cause:
Fraud /Fraud on / Fraud BY the court, abuse of process,malicious prosecution,unlawful detainment,void judgment,IIED,and many more

### VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   # 600,000,000

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes  [x] No

### VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE   Thomas Ludington

DOCKET NUMBER   12-10535

DATE   July 4th, 2023

SIGNATURE OF ATTORNEY OF RECORD   Pro se

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

## PURSUANT TO LOCAL RULE 83.11

1.          Is this a case that has been previously dismissed?          ☐ Yes
                                                                         ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.          Other than stated above, are there any pending or previously          ☑ Yes
            discontinued or dismissed companion cases in this or any other          ☐ No
            court, including state court? (Companion cases are matters in which
            it appears substantially similar evidence will be offered or the same
            or related parties are present and the cases arise out of the same
            transaction or occurrence.)

If yes, give the following information:

Court: Eastern District Michigan _____

Case No.: 12-10535 _____

Judge: Thomas Ludington _____


Notes :          . judge decided to conspire with the felons in  .    office and use Heck

