UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN DOE and TIM BROWN,

       *Plaintiffs*,

v.

DANA NESSEL et al.,

       *Defendants*.

_____/

CASE NO. 1:23-cv-11655
DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

## REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

For the reasons below, **IT IS RECOMMENDED that:**

- **Defendants Carter, Cox, Cunningham, Granholm, McGormly, Nessel, Peplinski, Restuccia, and Whitmer's motion to dismiss (ECF No. 13) be GRANTED**

- **The Complaint be DISMISSED in its entirety and against all Defendants for want of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)**

- **All other motions be DENIED as MOOT (ECF Nos. 10, 18, 23, 24, 25, 26, 29, 36, 38)**

### II.    REPORT

#### A.    Introduction

On July 12, 2023, Plaintiff filed the instant *pro se* complaint listing a myriad of Defendants including Michigan Supreme Court Justices, Michigan Court of

Appeals Judges, current and former State Government officials. The complaint has many claims listed but it is difficult to discern exactly what happened to Plaintiff or others that gives rise to his alleged claims. Plaintiff states that the "Judicial & Executive Branch's 25 YEAR CRIME SPREE MUST END" and he cites to an "unlawful policy of editing laws" resulting in a deprivation of equal protection and "other Amendments listed in the Brief" and he muses as to "[w]hat other laws have they severely edited for unjust prosecution profits?" (ECF No. 1, PageID.1-2.) Plaintiff seeks relief including declaratory relief, a permanent injunction, exemplary damages, a "comprehensive investigation into the corruption that has infiltrated the Judicial and Executive branches and prosecute justly," "prosecute the offenders that violated the Federal Court Order that permanently enjoined 1999 Public Act 33 and declare (again) all such prosecutions and convictions unlawful and order the convictions immediately vacated," "order plaintiff's information to be immediately removed from the sex offender registry and record cleared" along with other monetary awards, attorney fees and costs and any other relief the court finds just and proper. (ECF No. 1, PageID.2-3.)

Plaintiff was convicted, by plea of guilty, of the state court crime of using the internet to commit sexual child abuse under Michigan law. See, *People v. Brown*, No. 283433, 2009 WL 2767305, at *1 (Mich. Ct. App. Sept. 1, 2009). Plaintiff

2

appealed his conviction and sentence through the Michigan Courts of Appeals and Michigan Supreme Court but was unsuccessful. (ECF No. 13, PageID.266, n.1.)

### B. Motion to Dismiss Standards

Defendants seek dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Because I find dismissal under 12(b)(1) to be dispositive, I do not reach 12(b)(6).

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell*

3

*Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976).

### C. Analysis & Conclusions

Plaintiff's requests to have his conviction "immediately vacated" and to be removed from Michigan's Sex Offender Registry (SORA), MCL 28.722, to investigate and prosecute offenders, etc. are all forms of relief that this Court cannot grant. Pursuant to the *Rooker-Feldman* doctrine, this Court has no power to overturn state court judgments. The Sixth Circuit has explained the foundation of the *Rooker-Feldman* doctrine as follows:

> The doctrine originates from two Supreme Court decisions, which were rendered 60 years apart. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In both cases the plaintiffs challenged the validity of state court decisions by filing suit in federal district court. In *Rooker*, the plaintiff asked the district court to render the state court judgment against him "null and void." *See Rooker*, 263 U.S. at 414-15. In

4

> *Feldman*, the plaintiffs filed suit against the actual state court that had rejected the plaintiffs' applications to practice law. *Feldman*, 460 U.S. at 478-79. In both cases the Supreme Court dismissed the suits for lack of subject-matter jurisdiction, reasoning that pursuant to 28 U.S.C. § 1257, only the Supreme Court, and not the lower federal courts, enjoys appellate jurisdiction over state court decisions. *See Rooker*, 263 U.S. at 414-15; *Feldman*, 460 U.S. at 478-79.

*Coles v. Granville*, 448 F.3d 853, 857 (6th Cir. 2006). Lower federal courts also lack jurisdiction to review any federal claims that are "inextricably intertwined" with a state court's decision. *See Feldman*, 460 U.S. at 486-87. A plaintiff's federal claim is inextricably intertwined if the claim can succeed only to the extent that the state court wrongly decided the issues before it. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998) ("'Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.'") (quoting *Keene Corp. v. Cass*, 908 F.2d 293, 296-97 (8th Cir. 1990)).

      Here, Plaintiff's claims all center around and ask the Court to find that the state court wrongly convicted Plaintiff, wrongly sentenced him and unlawfully required him to register as a sex offender. His requests for relief all seek to have those state court judgments and orders undone and to investigate and prosecute those who imposed such restrictions on him. Therefore, I suggest that Plaintiff's requests for relief are unavailing under the *Rooker-Feldman* doctrine.

I also note that to the extent that Plaintiff is arguing issues raised in *Does #1-5 v. Snyder*, 834 F.3d 696 (6th Cir. 2016), *reh'g denied* (Sept. 15, 2016), and its progeny, as noted in later case law, the class-wide relief granted in *Does II* "became final only after the Michigan Legislature had already removed the offending parts of SORA." *Does v. Whitmer*, 69 F.4th 300, 309 (6th Cir. 2023).

I further suggest that Plaintiff's complaint is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Generally, suits challenging the fact or duration of confinement must be brought under the habeas corpus statutes and not § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). In *Heck v. Humphrey*, however, the U.S. Supreme Court considered whether this rule should be modified where a prisoner does not seek release but instead seeks an award of monetary damages. The Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.

This "favorable termination" rule bars § 1983 claims that "would necessarily imply the invalidity" of a prior conviction or sentence that has not been overturned. *Id.* at 487. However, if "the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* (emphasis in original). The favorable termination rule "is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated." *Heck*, 512 U.S. at 490, n.10; *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995). In addition, challenges based on procedural defects rather than erroneous results are also subject to the limitation announced in *Heck. Edwards v. Balisok*, 520 U.S. 650, 648, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997) (if established, procedural defect would imply the invalidity of the deprivation of good-time credits and thus, was *Heck*-barred).

Here, Plaintiff's complaint alleges that his prosecution and sentencing were fraught with error and he asks this Court to overturn those results. Unfortunately for Plaintiff these claims are *Heck*-barred.

Accordingly, I recommend that Plaintiff's Complaint be dismissed in its entirety and the case dismissed.

### III. <u>REVIEW</u>

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140, 155; Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. Willis v. Sec'y of Health & Human Servs., 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  October 13, 2023                                    S/ PATRICIA T. MORRIS
                                                            Patricia T. Morris
                                                            United States Magistrate Judge