UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN DOE and TIM BROWN,

        Plaintiffs,                      Case No. 1:23-cv-11655

v.                                           Honorable Thomas L. Ludington
                                             United States District Judge
DANA NESSEL, et al.,

                                          Honorable Patricia T. Morris
        Defendant.                 United States Magistrate Judge
_____/

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION; (2) ADOPTING REPORT AND RECOMMENDATION; (3) GRANTING DEFENDANTS CARTER, COX, CUNNINGHAM, GRANHOLM, MCGORMLY, NESSEL, PEPLINSKI, RESTUCCIA, AND WHITMER'S MOTION TO DISMISS; (4) DISMISSING PLAINTIFF'S COMPLAINT AGAINST ALL OTHER DEFENDANTS; (5) DENYING AS MOOT PLAINTIFF'S REMAINING PENDING MOTIONS; AND (6) DISMISSING COMPLAINT WITH PREJUDICE**

This matter is before this Court upon Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (R&R). After reviewing those portions of the R&R to which Plaintiff has objected, Plaintiff's Objections will be overruled, the R&R will be adopted, Defendants Carter, Cox, Cunningham, Granholm, McGormly, Nessel, Peplinski, Restuccia, and Whitmer's Motion to Dismiss will be granted, Plaintiff's Complaint against all other Defendants will be dismissed for lack of subject matter jurisdiction, all remaining motions will be denied as moot, and Plaintiff's Complaint will be dismissed.

**I.**

On July 12, 2023, Plaintiffs John Doe and Tim Brown[1] sued the following 49 Defendants: Dana Nessel, Anica Letica, One Court of Justice, Mike Cox, Kelly Carter, Edward Sosnick, James

---

[1] It appears Tim Brown and John Doe are the same person.

Alexander, Gretchen Whitmer, Jennifer Granholm, Joel McGormley, Richard Cunningham, County of Saginaw, County of Ingham, County of Oakland, County of Lenawee, City of Pontiac, City of Novi, City of Adrian, Derek Howard, Audrey Polanco, Victoria Valentine, Anne Nemer, William Hackett, Timothy Pickard, Heather Wayne, Ronald Brock, Scott Grabel, Cynthia Diane Stephens, Bryan Zahra, Kirsten Frank Kelly, Alton Thomas Davis, Marilyn Kelly, Michael F. Cavanaugh, Maura D. Corrigan, Robert P. Young Jr., Stephen J. Markman, Diane M. Hathaway, Peter O'Connell, Stephen L. Borrello, Eric Restuccia, David Gorcyca, Janet M. Boss, Lloyd W. Rapelje, Thomas Bell, Michigan Department of Corrections, Charles Brown, Robert Peplinski, Judith Holtz, and Joseph Sova. ECF No. 1. The next day, Plaintiff's Complaint was referred to Magistrate Judge Patricia T. Morris for general case management under 28 U.S.C. § 636(b). ECF No. 5.

Plaintiff alleges that he, along with "100's or 1000's of others over 25 years," was arrested after an "unauthorized sting scam." ECF No. 1 at PageID.4. Plaintiff then references specific counts of a felony information[2] citing several Michigan laws that penalize dissemination, exhibition, or display of sexually explicit matter to minors and "child sexually abusive activities" and "possession of child sexually abusive material." *Id.* Plaintiff then alleges Defendants have engaged in a conspiracy "to refuse to obey the laws, court rules / jury instructions after SEVERELY EDITING existing laws to condemn the guiltless FOR PROFITS." ECF No. 1 at

---

[2] Though not explicit within Plaintiff's Complaint, it appears these references are to the 2007 Felony Information in Plaintiff's Oakland County Circuit Court case, which he attached as an exhibit. *See* ECF No. 1 at PageID.60–61. Plaintiff later pleaded guilty to two of the charged counts (using the internet to violate MICH. COMP. LAWS § 750 .145c(2), MICH. COMP. LAWS § 750.145d(2)(f) (count II); and using the internet to violate MICH. COMP. LAWS § 722.675, MICH. COMP. LAWS § 750.145d(2)(c) (count III)). *See People v. Brown*, No. 283433, 2009 WL 2767305, at *1 (Mich. Ct. App. Sept. 1, 2009). After pleading guilty, Plaintiff was sentenced to "concurrent prison terms of 30 months to 20 years, and two to four years, respectively." *Id.*

PageID.5. Plaintiff seeks declaratory and injunctive relief, "exemplary damages," a court-mandated "comprehensive investigation into the corruption that has infiltrated the Judicial and Executive branches and prosecute justly," prosecution of "the offenders that violated the Federal Court Order that permanently enjoined 1999 Public Act 33 and declare (again) all such prosecutions and convictions unlawful and order the convictions immediately vacated," an order that removes Plaintiff's information from the Sex Offender Registry and "clear[s]" his record, and "at least 600 million USD" in damages. ECF No. 1 at PageID.2–3.

Six weeks after Plaintiff filed his Complaint, nine Defendants[3] filed a joint Motion to Dismiss, arguing Plaintiff's Complaint did not state a viable claim, and even if it did, State Defendants are immune from suit and Plaintiff's Complaint is barred by both the statute of limitations and the *Rooker-Feldman* doctrine. ECF No. 13. Other groups of Defendants filed a Motion to Dismiss, ECF No. 10, and a Motion for Summary Judgment, ECF No. 18. After these three motions were filed, Plaintiff filed: (1) a Motion to Amend Complaint to reduce Defendants to 10, ECF No. 23; (2) a Motion to Amend Complaint to List Damages in More Detail, ECF No. 24; (3) a Motion for Appointment of a Competent class Action Attorney or Firm, ECF No. 25; (4) a Motion to Order Service via the US Marshal, ECF No. 26; (5) a Motion to Continue Under John Doe for Privacy, ECF No. 29; (6) a Motion to Extend time for US Marshall to Serve Summons and Complaint, ECF No. 36; and (7) a Motion for Judgment on the Pleadings, ECF No. 38.

On October 13, 2023, Judge Morris issued an R&R recommending that "Plaintiff's Complaint be dismissed in its entirety," ECF No. 44 at PageID.578, because his claims are barred by the *Rooker-Feldman* doctrine and under *Heck v. Humphrey*. She also noted that "to the extent

---

[3] The nine Defendants are Dana Nessel, Mike Cox, Kelly Carter, Gretchen Whitmer, Jennifer Granholm, Joel McGormley, Richard Cunningham, Eric Restuccia, and Robert Peplinski. ECF No. 13 at PageID.247.

that Plaintiff is arguing issues raised in *Does #1-5 v. Snyder*, 834 F.3d 696 (6th Cir. 2016), *reh'g denied* (Sept. 15, 2016), and its progeny, as noted in later case law, the class-wide relief granted in *Does II* 'became final only after the Michigan Legislature had already removed the offending parts of SORA.'" ECF No. 44 at PageID.577 (citing *Does v. Whitmer*, 69 F.4th 300, 309 (6th Cir. 2023)). Ten days later, Plaintiff filed eleven objections to the R&R.

## II.

A party may object to and seek review of a magistrate judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). If a party objects, then "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). The parties must state any objections with specificity within a reasonable time. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). Failure to file specific objections constitutes a waiver of any further right of appeal. *Id.* at 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). And Parties may not "raise at the district court stage new arguments or issues that were not presented" *before* the magistrate judge's final R&R. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

When reviewing an R&R *de novo*, this Court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court is free to accept, to reject, or to modify the magistrate judge's findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, No. 1:20-CV-11290, 2021 WL 4145771, at *2 (E.D. Mich. Sept. 13, 2021).

### III.

This Court has reviewed Plaintiff's Complaint, ECF No. 1, as well as all other pleadings filed on the docket, and concludes that the factual conclusions in Judge Morris's R&R are correct and that her legal reasoning is sound. But Plaintiff has filed 11 objections that will each be addressed below.

Plaintiff's first Objection appears to object broadly to the "meritless and lawless [R&R] being filed in the court." ECF No. 47 at PageID.608. But Plaintiff does not identify a *specific* part of the R&R to which he is objecting. Thus, Objection 1 will be overruled. *See McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004) (unpublished) (holding that a failure to identify specific concerns with an R&R is the equivalent of failing to object).

Plaintiff's second Objection is that he "did not agree to accept this type of Magistrate." ECF No. 47 at PageID.609. But Plaintiff did not object to or file a motion for reconsideration regarding this Court's Order of reference. ECF No. 5. Thus, Objection 2 will be overruled.

Plaintiff's third Objection objects to the R&R's "caption wording[.]" ECF No. 47 at PageID.609. But the style and format of the case caption has no bearing on the legal analysis or ultimate recommendation. Thus, Objection 3 will be overruled.

Plaintiff's fourth Objection quotes the R&R and then reasserts his argument that "Defendants **all** intentionally violate 1999 Public Act 33 in concert." ECF No. 47 at PageID.609 (emphasis in original). But Judge Morris already considered this claim. *See* ECF No. 44 at PageID.573. A district court is "not obligated to reassess the same arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation." *Nelson v. Saul*, No. 19-CV-12964, 2021 WL 688583, at *4 (E.D. Mich. Feb. 23, 2021) (citing *Sanders v. Saul*, No. 19-CV-12475, 2020 WL 5761025 at *2 (E.D. Mich. Sept. 25, 2020); *see also*

*VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) (An objection that "merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge."). Therefore, Objection 4 will be overruled.

Plaintiff's fifth Objection appears to allege that the R&R "ignores the true laws" and alleges *Heck v. Humphrey* is inapplicable because Plaintiff's claims involve noncriminal charges, a noncriminal plea, noncriminal convictions, and a noncriminal sentence and judgment. ECF No. 47 at PageID.610. Not so. Plaintiff's claims all necessarily relate to state criminal charges brought against him in 2007—as Plaintiff himself seems to acknowledge by attaching a copy of the 2007 felony information to his Complaint. *See* ECF No. 1 at PageID.60–61. Thus, Objection 5 will be overruled.

Plaintiff's sixth Objection states that "Motion to Dismiss standards do not remotely exist as litigated," and asserts that all Defendants "tampered the laws or joined in with those who did and then prosecuted and maintained the illusion of hearing appeals yet ordering zero entitled relief in this multitude of null & void cases." ECF No. 47 at PageID.611. The Objection also appears to argue that Plaintiff is not seeking to overturn a state court judgment, "but rather to declare that the entire hocus-pocus prosecution, fraud-based plea, convictions / sentences / VOID non-criminal Judgment were ALREADY null and void from their commencement ( ab initio ) due to the premeditated frauds." *Id.* at PageID.612 (emphasis and spacing in original). But these arguments were already presented to Judge Morris in Plaintiff's Complaint, *see* ECF No. 1, and his Response to Defendants' Motion to Dismiss, *see* ECF No. 20 at PageID.401–403. And a district court is "not obligated to reassess the same arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation." *Nelson v. Saul*, No. 19-CV-12964, 2021 WL 688583, at *4 (E.D. Mich. Feb. 23, 2021) (citing *Sanders v. Saul*, No. 19-CV-

12475, 2020 WL 5761025 at *2 (E.D. Mich. Sept. 25, 2020); *see also VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) (An objection that "merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge."). Therefore, Objection 6 will be overruled.

Plaintiff's seventh Objection generally claims that Judge Morris's R&R is "biased" and that she "improperly label[ed]" state-court judgments as valid and that the state courts are "fake courts." ECF No. 47 at PageID.612. But Judge Morris correctly concluded that this Court may not invalidate a state-court judgment, regardless of how the state-courts are described. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Objection 7 will be overruled.

Plaintiff's eighth Objection appears to argue again that *Heck v. Humphrey* is "inapplicab[le] to Plaintiff." ECF No. 47 at PageID.613. For the same reasons explained in addressing Plaintiff's Objection 5, which makes the same objection, Objection 8 will be overruled.

Plaintiff's ninth Objection argues again that state court judgments are void. ECF No. 47 at PageID.613 ("All acts in the Marxist state 'courts' are already invalid and VOID."). For the same reasons explained in addressing Plaintiff's Objection 6, which makes the same objection, Objection 9 will be overruled.

Plaintiff's tenth Objection merely muses "Why should these Defendants who have committed a number of crimes and damages against the Plaintiff have anything granted?" ECF No. 47 at PageID.613–14. But this disagreement does not identify a specific objection to the R&R. Thus, Objection 10 will be overruled. *See McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004) (unpublished) (holding that a failure to identify specific concerns with an R&R is the equivalent of failing to object).

Lastly, Plaintiff's eleventh Objection again merely refers to the R&R, generally, as "unjust." This Objection will be overruled because it does not identify an objection to a specific part of the legal analysis. *See McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004) (unpublished) (holding that a failure to identify specific concerns with an R&R is the equivalent of failing to object).

## IV.

Accordingly, it is **ORDERED** that Plaintiff's Objections, ECF No. 47, are **OVERRULED**.

Further, it is **ORDERED** that the Magistrate Judge's Report and Recommendation, ECF No. 44, is **ADOPTED**.

Further, it is **ORDERED** that Defendants Carter, Cox, Cunningham, Granholm, McGormly, Nessel, Peplinski, Restuccia, and Whitmer's Motion to Dismiss, ECF No. 13, is **GRANTED**.

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE** against all Defendants.

Further, it is **ORDERED** that Defendants' Stephen L. Borello, Kirsten Frank Kelly, Anica Letica, and Brian Zahra's Motion to Dismiss, ECF No. 10, is **DENIED AS MOOT**.

Further, it is **ORDERED** that Defendants' James Alexander, David Gorcyca, Judith Holtz, Derek Howard, Anne Nemer, County of Oakland, Audrey Polanco, Edward Sosnick, Joseph Sova, and Victoria Valentine's Motion for Summary Judgment, ECF No. 18, is **DENIED AS MOOT**.

Further, it is **ORDERED** that Plaintiffs' Motion to Amend Complaint to Reduce Defendants to 10, ECF No. 23, is **DENIED AS MOOT**.

Further, it is **ORDERED** that Plaintiffs' Motion to Amend Complaint to List Damages in More Detail, ECF No. 24, is **DENIED AS MOOT**.

Further, it is **ORDERED** that Plaintiffs' Motion for Appointment of a Competent Class Action Attorney or Firm, ECF No. 25, is **DENIED AS MOOT**.

Further, it is **ORDERED** that Plaintiffs' Motion to Order Service via the US Marshal on the Four Oakland County Defendants Listed, ECF No. 26, is **DENIED AS MOOT**.

Further, it is **ORDERED** that Plaintiffs' Motion to Continue Under John Doe for Privacy, ECF No. 29, is **DENIED AS MOOT**.

Further, it is **ORDERED** that Plaintiff Tim Brown's Motion to Extend Time for US Marshall to Service Summons and Complaint, ECF No. 36, is **DENIED AS MOOT**.

Further, it is **ORDERED** that Plaintiffs' Motion for Judgment on the Pleadings, ECF No. 38, is **DENIED AS MOOT**.

**This is a final order and closes the above-captioned case**.

Dated: December 1, 2023　　　　　　　　　　　s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge